Filed 11/5/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ERIN ANNE HOFFMAN,<br><br>    Defendant and Appellant. | 2d Crim. No. B261945<br>(Super. Ct. No. 2014014180)<br>(Ventura County) |

Erin Anne Hoffman appeals an order denying a petition to recall her sentence for seven felony forgery convictions and for resentencing to misdemeanors pursuant to Proposition 47, the Safe Neighborhoods and Schools Act ("Act"). (Pen. Code, §§ 1170.18, 473.)[1] The trial court reasoned that the aggregate value of the forged checks took Hoffman "outside the spirit" of Proposition 47. We reverse. The spirit of Proposition 47 is confined to its specific language.

FACTUAL AND PROCEDURAL BACKGROUND

Hoffman, a 19-year-old heroin addict with borderline personality disorder, took a booklet of checks from her parents. Over the course of three months, she forged her mother's name on 18 checks and cashed them. The checks ranged in value from $150 to $450, and totaled $8,734. Hoffman also cashed two checks for $80 each that belonged to a friend and used the friend's bank card to withdraw $25, without his permission. She has no prior criminal history.

---

[1] All statutory references are to the Penal Code.

Hoffman was charged with 18 counts of felony forgery for forging her parents' checks (§ 470, subd. (d)) (counts 1-18), one count of fraudulent use of an access card for using her friend's bank card (§ 484g, subd. (a)) (count 19), and one count of grand theft of property of a value exceeding $950 for the aggregate forgery of her parents' checks (§ 487, subd. (a)) (count 20).

In May 2014, Hoffman pled guilty to seven counts of felony forgery based on forging seven of her parents' checks in the amounts of $325, $400, $280, $350, $325, $350, and $175 (counts 1-7). At the time of her plea, forgery was a "wobbler." (§ 17, subd. (b)(1), former § 473.) The trial court dismissed the remaining counts. Hoffman executed a *Harvey* waiver. (*People v. Harvey* (1979) 25 Cal.3d 754.) It allowed the court to consider the facts underlying the dismissed counts "in determining sentence." Hoffman acknowledged that her convictions subjected her to up to seven years in county jail.

In June 2014, the trial court suspended imposition of sentence and placed Hoffman on formal felony probation with terms and conditions, including 180 days in county jail. The court denied Hoffman's request to reduce the felonies to misdemeanors, but encouraged her to renew the request if she succeeds in her drug treatment program. The court said, "Felony convictions carry a heavy burden for the rest of your life. Like I said, I am happy to do it, but it's going to be when I get a letter from your program saying you are in there working hard and doing everything you can to maintain your sobriety. You do that, I will reduce it to a misdemeanor. If you don't, you walk out a convicted felon."

In July 2014, the trial court released Hoffman from serving her remaining jail term to enter a residential treatment program. Later in July, she twice tested positive for controlled substances, a violation of her probation. She tested negative for controlled substances in August and September. On September 10, the court imposed, but stayed, an additional 60-day jail term for the July probation violation. On September 17 and 19, Hoffman failed to report for testing. She was absent from the residential facility from September 28 to October 1 without permission and she tested positive for controlled

substances on October 2.  The court revoked and reinstated probation, modified to require Hoffman to serve 120 additional days in county jail.

In November 2014, the electorate passed Proposition 47.  The Act reclassifies forgery as a misdemeanor if "the value of the check . . . does not exceed [$950]."  (§ 473, subd. (b).)

In December, Hoffman petitioned for resentencing under the Act. (§ 1170.18.)  The trial court denied the request to reduce Hoffman's seven felony forgery counts to misdemeanors because the total amount of the checks exceeded $950.  The court said, "The aggregate amount exceeds the $950.  I think it takes her outside the spirit of the law that was passed by the voters."  Defense counsel asked, "[I]f you add [the seven counts] all up, then they exceed [$]950, and that's the basis for the ruling?"  The court responded, "That's the basis for the ruling, just so the record is clear."

DISCUSSION

Proposition 47 was enacted by the voters in November 2014.  It reclassifies certain drug- and theft-related offenses from felonies or wobblers to misdemeanors.  It allows certain offenders who had been convicted previously of those offenses to apply for reclassification and reduced sentences.  The Act provides that the resulting state savings be used to support schools, crime victim assistance, and mental health and drug treatment. (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) analysis by the Legislative Analyst, p. 35.)

Proposition 47 allows a person, such as Hoffman, who is currently serving a felony sentence for an offense that is now a misdemeanor (forgery), to petition for recall of sentence and resentencing in accordance with its provisions.  (§§ 1170.18, subd. (a), 473, subd. (b).)  If the petitioner satisfies the statutory criteria, the court "shall" resentence petitioner to a misdemeanor "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).)  There is no other discretionary provision.  The Act "shall be liberally construed to effectuate its purposes."  (Prop. 47, eff. Nov. 5, 2014, § 18; see Voter Information Guide, *supra*, text of proposed laws, p. 74.)

3

The statutory criteria for resentencing are that the "person [is] currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor . . . had this act been in effect at the time of the offense . . . ."  (§ 1170.18, subd. (a).)  "Unreasonable risk of danger to public safety" is defined to mean an unreasonable risk that the petitioner will commit a new super-strike offense, such as murder, rape or child molestation.  (*Id.*, subd. (c), § 667, subd. (e)(2)(C)(iv).)[2]

Hoffman satisfies the statutory criteria for resentencing.  She is serving a sentence for conviction of felonies that would have been misdemeanors under the Act. Section 473, subdivision (b), as amended by the Act, provides, "[A]ny person who is guilty of forgery relating to a check, . . . where the value of the check . . . does not exceed nine hundred fifty dollars ($950), shall be punishable by imprisonment in a county jail for not more than one year," unless the person has a prior super-strike conviction, is required to register as a sex-offender, or has committed identity theft in connection with the forgery.[3]

---

[2] Section 1170.18, subdivision (c) provides:  "'[U]nreasonable risk of danger to public safety' means an unreasonable risk that the petitioner will commit a new violent felony within the meaning of clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667."
Section 667, subdivision (e)(2)(C)(iv), in turn, lists the following super-strike offenses:  "(I) A 'sexually violent offense' as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code. [¶] (II) Oral copulation with a child who is under 14 years of age, and who is more than 10 years younger than he or she as defined by Section 288a, sodomy with another person who is under 14 years of age and more than 10 years younger than he or she as defined by Section 286, or sexual penetration with another person who is under 14 years of age, and who is more than 10 years younger than he or she, as defined by Section 289. [¶] (III) A lewd or lascivious act involving a child under 14 years of age, in violation of Section 288. [¶] (IV) Any homicide offense, including any attempted homicide offense, defined in Sections 187 to 191.5, inclusive. [¶] (V) Solicitation to commit murder as defined in Section 653f. [¶] (VI) Assault with a machine gun on a peace officer or firefighter, as defined in paragraph (3) of subdivision (d) of Section 245. [¶] (VII) Possession of a weapon of mass destruction, as defined in paragraph (1) of subdivision (a) of Section 11418. [¶] (VIII) Any serious and/or violent felony offense punishable in California by life imprisonment or death."
[3] Section 473 reads: "(a) Forgery is punishable by imprisonment in a county jail for not more than one year, or by imprisonment pursuant to subdivision (h) of Section 1170. [¶]

Hoffman has no prior convictions, is not required to register as a sex offender, and has not committed identify theft. The "value of the check" in each instance was less than $950. (§ 473, subd. (b).)

The People concede section 473 does not authorize the trial court to aggregate check values. The misdemeanor/felony characterization for forgery depends on "the value of the check" or other instrument. Delivering a check with insufficient funds, by contrast, depends on "the total amount" of the instruments. Section 476a, subdivision (b) provides, "[I]f the total amount of all checks, drafts or orders that the defendant is charged with and convicted of making, drawing, or uttering [with insufficient funds] does not exceed nine hundred fifty dollars ($950), the offense is punishable only by imprisonment in the county jail."

Section 473 does not employ this "total amount" approach. As the legislative analyst explained, "Under this measure, forging a check worth $950 or less would always be a misdemeanor," unless "the offender commits identity theft in connection with forging a check." (Voter Information Guide, *supra*, analysis by the legislative analyst, p. 35.)

Resentencing Hoffman would not pose an "unreasonable risk of danger to public safety" within the meaning of section 1170.18 because Hoffman is not likely to commit a "super-strike" offense. Section 667, subdivision (e)(2)(C)(iv) enumerates a narrow list of "super-strike" offenses such as murder, rape and child molestation. Grand theft is not a super-strike offense. (*Ibid.*) The trial court did not find that Hoffman poses an unreasonable risk of danger, and the record would not support such a finding. Hoffman had no prior criminal history. Proposition 47 withholds its benefits from "rapists,

(b) Notwithstanding subdivision (a), any person who is guilty of forgery relating to a check, bond, bank bill, note, cashier's check, traveler's check, or money order, where the value of the check, bond, bank bill, note, cashier's check, traveler's check, or money order does not exceed nine hundred fifty dollars ($950), shall be punishable by imprisonment in a county jail for not more than one year, except that such person may instead be punished pursuant to subdivision (h) of Section 1170 if that person has one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290. This subdivision shall not be applicable to any person who is convicted both of forgery and of identity theft, as defined in Section 530.5."

murderers, molesters and the most dangerous criminals," but not from other offenders. (Voter Information Guide, *supra*, rebuttal to argument against Prop. 47, p. 39.) As the opponents of Proposition 47 observed, "Prop. 47 prevents judges from blocking the early release of prisoners except in very rare cases. For example, even if the judge finds that the inmate poses a risk of committing crimes like kidnapping, robbery, assault spousal abuse, torture of small animals, carjacking or felonies committed on behalf of a criminal street gang, Proposition 47 requires their release." (Voter Information Guide, *supra*, argument against Prop. 47, p. 39.)

The People contend that Hoffman's *Harvey* waiver allowed the trial court to rely on facts underlying the dismissed forgery and grand theft counts to find that Hoffman is "outside the spirit" of Proposition 47. The *Harvey* waiver allowed the trial court to rely on facts underlying the dismissed counts to make whatever sentencing determinations were authorized under section 1170.18. But only two determinations were authorized by section 1170.18: (1) whether Hoffman meets the statutory criteria, and (2) whether Hoffman's resentencing would pose an unreasonable risk of danger of a super-strike offense.

The three strikes law[4] gives a judge sentencing leeway not permitted by Proposition 47. The trial court has discretion to strike a prior conviction of a defendant "in furtherance of justice" (§ 1385, subd. (a)) if it finds defendant is "outside the scheme's spirit." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

That is not the case with Proposition 47. The trial court may not refuse to reduce a defendant's sentence based on the court's notion of the statute's "spirit." The "criteria" for resentencing are explicitly stated in section 1170.18, subdivision (a), and "unreasonable risk" is defined in subdivision (c). If the criteria are met, and the resentencing does not pose an unreasonable risk of a new super-strike offense, the "felony sentence shall be recalled and the petitioner resentenced to a misdemeanor." (*Id.*, subd. (b).)

We understand the trial court's motivation to change Hoffman's behavior. The opponents of Proposition 47 expressed similar concerns in the Voter Information

---

[4] (§§ 667, subd. (b)-(i), 1170.12, subds. (a)-(d).)

6

Guide:  "California has plenty of laws and programs that allow judges and prosecutors to keep first-time, low-level offenders out of jail if it is appropriate.  Prop. 47 would strip judges and prosecutors of that discretion. . . .  [T]here needs to be an option besides a misdemeanor slap on the wrist."  (Voter Information Guide, *supra*, argument against Prop. 47, p. 39.)  But the electorate weighed the costs and benefits of the measure and the resulting Act is unambiguous.  In construing a measure, we may not undertake to rewrite its unambiguous language.  (*People v. Goodliffe* (2009) 177 Cal.App.4th 723, 726.)

DISPOSITION

The order is reversed.

CERTIFIED FOR PUBLICATION.

GILBERT, P.J.

We concur:

YEGAN, J.

PERREN, J.

7

Ryan J. Wright, Judge

Superior Court County of Ventura

_____

Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy, William Quest, Senior Deputy Public Defender, Ashley Jones, Deputy Public Defender, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, Mary Sanchez, Deputy Attorney General, for Plaintiff and Respondent.