Filed 12/15/15  P. v. Woodard CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B262145 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA105853) |
| v. | |
| JOSHUA JAMES WOODARD, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jack Hunt, Judge.  Affirmed.

Tyrone A. Sandoval, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez, Deputy Attorney General, and Chung L. Mar, Deputy Attorney General, for Plaintiff and Respondent.

_____

Defendant and appellant Joshua James Woodard appeals from a January 28, 2015 order denying his petition for relief under Proposition 47 ("The Safe Neighborhoods and Schools Act"; Pen. Code, § 1170.18)[1] to recall and resentence as a misdemeanor a felony conviction for forgery (§ 476). We affirm the trial court's order denying the petition because defendant did not satisfy his burden of proving the conviction was subject to relief under Proposition 47.

## FACTUAL AND PROCEDURAL BACKGROUND

In May 2014, prior to a felony preliminary hearing, defendant entered a plea of no contest to forgery, in violation of Penal Code section 476 (count 1) and admitted to one prior conviction for robbery in violation of section 211, a serious or violent felony conviction under section 667, subdivisions (b) through (j), and section 1170.2, subdivisions (a) through (d). The court sentenced defendant to a total of 32 months in state prison.

After Proposition 47 took effect in November 2014, defendant filed a motion seeking to have his conviction reduced from a felony to a misdemeanor under section 1170.18, subdivision (a).[2] On January 28, 2015, the court denied defendant's petition.

## DISCUSSION

Defendant contends the court erroneously denied his petition for resentencing because section 473 classifies as a misdemeanor any forgery offense where the value of the forged instrument does not exceed $950. Defendant alternatively seeks an order remanding the matter for further factfinding. We hold the trial court properly denied

---

[1] All further statutory references are to the Penal Code.

[2] Defendant filed an earlier motion in November 2014, but it was denied because it lacked a proper proof of service. Defendant's second motion was filed on January 7, 2015.

defendant's petition for resentencing because defendant did not prove that his conviction was for an offense that now amounts to misdemeanor forgery.

Proposition 47 reduced the penalties for certain drug- and theft-related offenses and reclassified those offenses as misdemeanors rather than felonies. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879 (*Sherow*); *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) Defendants previously convicted of felonies that were reclassified as misdemeanors under Proposition 47 may petition for resentencing under section 1170.18, but the petitioner bears the burden of proving that he or she is eligible for resentencing. (*Sherow, supra*, at pp. 879-880.)

Proposition 47 amended section 473 to reclassify forgery (as defined in section 476) as a misdemeanor if the value of the forged instrument does not exceed $950, with specific exceptions. (§ 473, subd. (b).) In *Sherow, supra*, 239 Cal.App.4th at page 877, the defendant was convicted of nine counts of second degree burglary, but there was no evidence in the record of the value of the items he stole. The appellate court affirmed the order denying a resentencing petition because the defendant had not presented any evidence that the amount taken in his various second degree burglary offenses did not exceed $950. Because a proper petition might make the required showing, the affirmance specified it was "without prejudice to subsequent consideration of a properly filed petition." (*Id*. at p. 881.)

The trial court properly denied defendant's petition in a ruling made before *Sherow* was published, but entirely consistent with its reasoning. (*Sherow, supra*, 239 Cal.App.4th at p. 877 [petition lacking information about defendant's eligibility for resentencing properly denied].) Defendant marked a checkbox on a form petition stating that the "cumulative value of the bad checks does not exceed $950.00," but it did not contain any evidence in support of that statement. (Compare *People v. Hoffman* (2015) 241 Cal.App.4th 1304 [reversing denial of petition where aggregate value of forged checks exceeded $950, but each individual check was less than $950].) In light of the holding in *Sherow*, we recognize it may be possible for defendant to file a new petition presenting evidence that meets his initial burden of proof to show that the offense

3

involved a forged check with a value that did not exceed $950. We therefore affirm without prejudice to defendant's ability to file a subsequent petition with the required proof.

## DISPOSITION

The order denying the petition is affirmed without prejudice to subsequent consideration of a properly filed petition.

KRIEGLER, J.

We concur:

TURNER, P. J.

BAKER, J.

4