Filed 12/28/15  P. v. Baltazar CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JESSE MAURICE BALTAZAR,<br><br>    Defendant and Appellant. | G051161<br><br>(Super. Ct. No. 14WF0043)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Vickie Hix, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Reversed and remanded.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Senior Assistant Attorney General, Arlene A. Sevidal and Christen Somerville, Deputy Attorneys General, for Plaintiff and Respondent.

*        *        *

Jesse Baltazar pleaded guilty in January 2014 to a complaint that month for felony possession of methamphetamine (former Health & Saf. Code, § 11377, subd. (a)), and he admitted allegations he suffered a prior strike conviction (Pen. Code, §§ 667, subds. (d), (e)(2)(A); 1170.12, subds. (b), (c)(1); all further statutory references are to this code) and recently served a prior prison term (§ 667.5, subd. (b)). At sentencing, the trial court struck the strike and prison prior allegations, and sentenced defendant to the low term of 16 months in prison. The court also imposed various fines and fees, and ordered defendant to register as a controlled substance offender (Health & Saf. Code, § 11590).

In December 2014, while on postrelease community supervision (PRCS), defendant petitioned the court to reduce under Proposition 47 his felony conviction to a misdemeanor, which the court granted (§ 1170.18, subd. (a)) upon recalling defendant's sentence. The court resentenced defendant to 365 days in jail, with credit for fully serving that term, and imposed a one-year parole term. Defendant argues the court erred in imposing parole because in his view despite his ongoing PRCS term he had "completed his . . . sentence" (*id.*, subd. (f)), and therefore qualified for simple redesignation of his conviction as a misdemeanor without a parole term (*ibid.*), instead of recall and resentencing for those "currently serving a sentence" for a felony conviction (*id.*, subd. (a)).

In the alternative, defendant asserts the trial court abused its discretion by imposing parole, or erred in failing to apply as "excess credit" against his parole term the unspecified days over a year he had served under his sentence before it was recalled. He also argues the trial court sua sponte should have reduced his restitution and supervision revocation fines to the minimum amounts for a misdemeanor, instead of the felony minimums the court originally imposed. Finally, he contends, and the Attorney General concedes, the trial court on remand should strike his obligation to register as a drug offender because the requirement does not apply to a misdemeanor conviction.

2

During the pendency of this appeal, this court and Division Six of the Second District Court of Appeal have filed opinions resolving defendant's main contentions with varying results. Both courts agree a defendant on PRCS is still serving his or her "sentence" within the meaning of Proposition 47, and therefore may be subject to a parole term upon recall and resentencing (§ 1170.18, subd. (a)), but disagree whether excess credits for time already served apply to reduce any parole term imposed — not surprisingly, the Supreme Court has granted review in each case. (Compare *People v. Armogeda* (2015) 240 Cal.App.4th 1039, review granted Dec. 9, 2015, S230374, and *People v. Morales* (2015) 238 Cal.App.4th 42, review granted Aug. 26, 2015, S228030, with *People v. McCoy* (2015) 239 Cal.App.4th 431, review granted Oct. 14, 2015, S229296, and *People v. Hickman* (2015) 237 Cal.App.4th 984, review granted Aug. 26, 2015, S227964.)

The Supreme Court will resolve these matters definitively, but in the meantime we must decide defendant's case and it remains this court's unanimous view that the general rule governing excess custody credits (§ 2900.5) applies under Proposition 47 to reduce any parole term imposed. We note that in relying on its own precedent in the very different context of resentencing third strike offenders under Proposition 36 (*People v. Espinosa* (2014) 226 Cal.App.4th 635), Division Six of the Second District has glossed over differences the electorate specified in Proposition 47 for resentencing "'low-level'" drug and petty theft offenders (*People v. Hoffman* (2015) 241 Cal.App.4th 1304, 1311). In particular, unlike in Proposition 36's resentencing mechanism (§ 1170.126), the electorate in Proposition 47 expressly directed that resentenced defendants "shall be given credit for time served" (§ 1170.18, subd. (d)) *and* are entitled to "any rights or remedies otherwise available" (§ 1170.18, subd. (m)). In our view, under this express language the excess custody credits for time served that are usually available under existing law (§ 2900.5) are available to defendants resentenced under Proposition 47.

Thus, while the trial court did not abuse its discretion in concluding that a parole term may be appropriate generally for a defendant who has reoffended within five years of a previous prison term (§ 667.5, subd. (a)), the electorate has specified with the "rights or remedies otherwise available" (§ 1170.18, subd. (m)) under existing law (§ 2900.5) that credit for time served "shall be given" (§ 1170.18, subd. (d)) to reduce any parole imposed.

We therefore reverse the trial court's sentencing order and remand for the court to calculate and apply any excess custody credits to reduce or eliminate defendant's parole period. The trial court on remand also must strike defendant's obligation to register as a drug offender because the requirement does not apply to a misdemeanor conviction. (Health & Saf. Code, § 11590.) In contrast, the restitution and supervision revocation fines the trial court imposed fell within the statutory maximum even for a misdemeanor (§§ 1202.4, subd. (b)(1), 1202.45, subds. (a), (b)), and by failing to challenge the amounts imposed on resentencing, defendant has forfeited his appellate attack on those amounts. (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218.)


ARONSON, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.


4