Filed 12/28/15  P. v. Aguilera CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ARTHUR GALVAN AGUILERA,<br><br>    Defendant and Appellant. | G051195<br><br>(Super. Ct. No. 14NF0597)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Vickie Hix, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Reversed and remanded.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Senior Assistant Attorney General, Peter Quon, Jr., and Stacy Tyler, Deputy Attorneys General, for Plaintiff and Respondent.

*          *          *

In April 2014, Arthur Galvan Aguilera pleaded guilty to a January 2014 complaint for felony possession of methamphetamine (former Health & Saf. Code, § 11377, subd. (a)) and misdemeanor possession of instruments for using the drug (*id.,* § 11364.1, subd. (a)), and he admitted allegations he suffered two prior strike convictions for serious or violent crimes (Pen. Code, §§ 667, subds. (d), (e)(2)(A); 1170.12, subds. (b), (c)(2)(A); all further statutory references are to this code) and that he failed to remain out of custody for five years after serving two prior prison terms (§ 667.5, subd. (b)).  At sentencing, the trial court struck the strike and prison prior allegations, and sentenced defendant to the low term of 16 months in prison, with 286 days of custody credits.

Approximately eight months later, in December 2014, defendant petitioned the court to reduce under Proposition 47 his felony conviction to a misdemeanor, which the court granted (§ 1170.18, subd. (a)), and sentenced defendant to 496 days in jail, with credit for 496 days.  The trial court also imposed a one-year parole term, and defendant's sole contention on appeal is that he earned an unspecified number of custody credits beyond 496 days, which he argues the trial court should have applied as excess credits to "delete any parole period."

During the pendency of this appeal, this court and Division Six of the Second District Court of Appeal have filed opinions disagreeing whether such credits apply to reduce any parole period imposed under Proposition 47, and the Supreme Court has granted review in each case.  (Compare *People v. Armogeda* (2015) 240 Cal.App.4th 1039, review granted Dec. 9, 2015, S230374, and *People v. Morales* (2015) 238 Cal.App.4th 42, review granted Aug. 26, 2015, S228030, with *People v. McCoy* (2015) 239 Cal.App.4th 431, review granted Oct. 14, 2015, S229296 and *People v. Hickman* (2015) 237 Cal.App.4th 984, review granted Aug. 26, 2015, S227964.)

The Supreme Court will resolve the matter, but in the meantime we must decide defendant's case and it remains this court's unanimous view that such credits are

2

available.  We note that in relying on its own precedent in the very different context of resentencing third strike offenders under Proposition 36 (*People v. Espinosa* (2014) 226 Cal.App.4th 635), Division Six of the Second District has glossed over differences the electorate specified in Proposition 47 for resentencing "'low-level'" drug and petty theft offenders (*People v. Hoffman* (2015) 241 Cal.App.4th 1304, 1311).  In particular, unlike in Proposition 36's resentencing mechanism (§ 1170.126), the electorate in Proposition 47 expressly directed both that resentenced defendants "shall be given credit for time served" (§ 1170.18, subd. (d)) *and* they are entitled to "any rights or remedies otherwise available" (§ 1170.18, subd. (m)).  In our view, under this express language the excess custody credits for time served that are usually available under existing law (§ 2900.5) are available to defendants resentenced under Proposition 47.

We therefore reverse the trial court's sentencing order and remand for the court to calculate and apply any excess custody credits to reduce or eliminate defendant's parole period.



ARONSON, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.

3