Filed 6/30/16  P. v. Bell CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>DONNELL ROBERT BELL,<br><br>       Defendant and Appellant. | B268766<br><br>(Los Angeles County<br>Super. Ct. No. A892925) |

THE COURT:[*]

Donnell Robert Bell (defendant) appeals from the trial court's denial of his petition for recall and resentencing under Proposition 47 (Pen. Code, § 1170.18).[1]  In July 1989, defendant pled guilty to (1) second degree robbery (§ 211), (2) possession for sale of cocaine base (Health & Saf. Code, § 11351.5), and (3) providing false information to a police officer (§ 148.9), a misdemeanor.  Defendant also admitted a firearm allegation (§ 12022, subd. (d)), a 1986 prior conviction for robbery (§ 211), and a 1987 prior conviction for transportation/sale of a controlled substance (Health & Saf. Code, § 11352).  Defendant was sentenced to six years in state prison.

---

[*]       BOREN, P.J.,          CHAVEZ, J.,          HOFFSTADT, J.

[1]       All further statutory references are to the Penal Code unless otherwise indicated.

On August 21, 2015, defendant filed a petition for resentencing pursuant to Proposition 47, in which he requested resentencing on his 1989 conviction for a violation of a violation of Health and Safety Code section 11352. He has no such conviction: As noted above, he sustained a *1989* conviction for violating Health and Safety Code section 11351.1, and a 1987 conviction for violating Health and Safety Code section *11352*. The trial court read defendant's petition as requesting re-designation of his 1989 convictions, and concluded that neither offense qualified for relief under Proposition 47.

On December 3, 2015, defendant filed a notice of appeal from the denial of his petition. We appointed counsel to represent defendant on appeal. After examination of the record, counsel filed an "Opening Brief" in which no issues were raised. On March 29, 2016, we advised defendant that he personally had 30 days to submit any contentions or issues he wished us to consider. To date, we have received no response from defendant.

Proposition 47 was effective November 5, 2014, and added section 1170.18, subdivision (a). (*People v. Hoffman* (2015) 241 Cal.App.4th 1304, 1308-1309.) Section 1170.18, subdivision (a) provides: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."

When assessing a claim under Proposition 47, a reviewing court must determine whether the defendant was convicted of a felony offense that qualifies for misdemeanor sentencing. No matter how we read defendant's petition for relief, he is not entitled to that relief. In 1989, he was convicted of (1) robbery (§ 211), and (2) possession of cocaine base (Health & Saf. Code, § 11351.5). Neither offense is eligible for re-

2

designation under Proposition 47.  His 1987 conviction for transportation/sale of a controlled substance (*id.*, § 11352) is also not eligible for re-designation.  Because none of those statutes were amended by Proposition 47, defendant is not eligible for recall of sentence and resentencing.

We are satisfied that defendant's counsel complied with his responsibilities.  We conclude that defendant has received adequate and effective appellate review of the judgment entered against him by virtue of counsel's compliance with the *Wende*[2] procedure, and our review of the record.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

---

[2] *People v. Wende* (1979) 25 Cal.3d 436.