Filed 12/20/23  P. v. Brooks CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C098599 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F08623) |
| v. |  |
| ROY BROOKS, |  |
| Defendant and Appellant. |  |

In 2021, defendant Roy Brooks was serving a 29-year four-month sentence when the Secretary of the Department of Corrections and Rehabilitation (CDCR) sent a letter to the trial court recommending defendant's sentence be recalled and he be resentenced under former Penal Code section 1170, subdivision (d)(1).[1]  The trial court denied the

---

[1]  Undesignated statutory references are to the Penal Code.  Former section 1170, subdivision (d) was later recodified as section 1170.03, subdivision (a)(1).  (Stats 2021, ch. 719, §§ 1-7.)  Section 1170.03 was then recodified without substantive change as section 1172.1, as of June 30, 2022.  (Stats. 2022, ch. 58, § 9.)

1

request, but this court remanded the matter for rehearing based on intervening legislative changes. On remand, the trial court again declined to resentence defendant. Defendant now argues the trial court erred because there was insufficient evidence to show he was an unreasonable risk of danger to public safety under section 1170.18, and he is entitled to reconsideration of several sentencing enhancements based on Senate Bill No. 81 (2021-2022 Reg. Sess.). We do not find the trial court abused its discretion and will affirm the trial court's order.

## I. BACKGROUND

In 2012, a jury found defendant guilty of assault with a firearm (§ 245, subd. (a)(2)), shooting a firearm in a grossly negligent manner (§ 246.3), possession of a firearm as a convicted felon (former § 12021, subd. (a)), misdemeanor criminal threat (§ 422), and misdemeanor vandalism (§ 594, subd. (a)). (*People v. Brooks* (August 5, 2022, C093996) [nonpub. opn.].) "As to the assault count, the jury also found true an allegation defendant personally used a firearm. (§ 12022.5, subd. (a).) The trial court found defendant had three prior serious felony convictions. (§§ 667, 1170.12.) The court proceeded to sentence defendant to an aggregate term of 29 years four months, comprised of: eight years for the assault count (the upper term, doubled), plus 10 years for the firearm enhancement; 16 months for the possession of a firearm count (one-third the midterm, doubled), five years for each of the prior serious felony convictions, with one of the sentences stayed under section 654; and time served for the two misdemeanor counts. The court stayed the sentence on the discharging a firearm in a grossly negligent manner count." (*Ibid.*)

In the direct appeal from defendant's convictions, this court summarized the facts of the case. (*People v. Brooks* (Feb. 26, 2015, C072134) [nonpub. opn.].)[2] In short,

---

[2] The People request we take judicial notice of our opinion from the direct appeal of defendant's case. Defendant does not object to the request. We will grant the request and take judicial notice of the opinion. (Evid. Code, §§ 459, subd. (a) ["The reviewing

defendant left his car with the victim, a mechanic, so the victim could work on the car. The victim left with a friend to get dinner and returned to find that defendant had smashed the windshield of the friend's truck. Defendant arrived and admitted he had smashed the windshield. The victim picked up a pipe, planning to smash defendant's windshield, but then threw the pipe over a fence. The victim heard a gunshot and turned to see defendant pointing a gun at him from 20 to 30 feet away. The victim started walking towards defendant and defendant ran away. Defendant called the victim shortly thereafter and said he was going to " 'come back and finish the job.' " (*Ibid.*) This court modified the judgment to correct a sentencing error regarding section 654, and affirmed the judgment as modified. (*People v. Brooks, supra,* C072134.)

In 2021, the Secretary of CDCR sent the trial court a letter recommending defendant's sentence be recalled and he be resentenced under former section 1170, subdivision (d). The trial court declined to recall the sentence. Defendant appealed the order, citing statutory changes to the resentencing statute made by Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 719). (*People v. Brooks, supra*, C093996.) This court reversed the order and remanded the matter for reconsideration. (*Ibid.*)

On remand, the court held a hearing, explaining that the first step of its analysis would be whether defendant was entitled to a recall of his sentence. If recall was warranted, defendant would be able to take advantage of any new sentencing legislation that applied to his sentence. The parties agreed. The parties had defendant's probation report and a packet from CDCR outlining defendant's criminal history and rule violations he had incurred in custody.

The prosecution argued defendant posed a significant risk to public safety given his criminal history, which included prior convictions for assault with a firearm and discharging a firearm in a grossly negligent manner. Although defendant was older, his

court may take judicial notice of any matter specified in Section 452"], 452, subd. (d) [permitting a court to take judicial notice of records of "any court of this state"].)

last convictions had occurred when he was already 60 years old, and he engaged in violent conduct throughout his life. The probation report also showed defendant had engaged in a "non-stop, continuous pattern of criminal activity" and had never been crime free for any period out of custody.

Defendant argued the "unreasonable risk of danger" language from the statute required that defendant be likely to commit a "super strike" crime, such as murder, manslaughter, or sex offenses, and defendant had never committed any of those crimes. Defendant was 71 years old, had multiple medical issues, and used a wheelchair. Finally, his only rule violations in prison were nonviolent.

The trial court issued a written order declining to recall defendant's sentence. The trial court noted the statutory framework, observing there was a presumption in favor of recall that could only be overcome if the trial court made a finding defendant was an unreasonable risk of danger to public safety, meaning an unreasonable risk that defendant would commit a new violent felony enumerated in section 667, subdivision (e). Citing *People v. Strother* (2021) 72 Cal.App.5th 563, the trial court determined the combination of defendant's criminal history, institutional behavior, and the absence of any trauma as a contributing factor to the crime meant that defendant posed an unreasonable risk of danger to public safety.

Defendant had "more than two dozen adult convictions" with "multiple felony convictions involving firearms and three convictions, which the trial court found constituted strike offenses within the meaning of the three strikes law. [Citations.] T[he trial] court found it particularly noteworthy that all of defendant's prior strike offenses involved the use of firearms, and that defendant had already been convicted for an assault with a firearm and grossly negligent discharge of a firearm." Moreover, as the prosecution noted, defendant had not been crime free for any "significant period of time" when not incarcerated.

4

There was no evidence of any psychological, physical, or childhood trauma that contributed to the offenses. While in custody, defendant had received "counseling chronos" for violating count procedures and failing to meet work expectations. Defendant received rule violation reports for being out of bounds and refusing assigned housing-delaying a peace officer. These violations were spread out over time, indicating defendant was unable to "comply with rules and regulations for a sustained period of time." He was not currently participating in any self-help programming, although he had in the past. The trial court concluded defendant would likely commit "another violent strike offense once back in society."

The trial court noted defendant had a total of five possible strike convictions on his record and was clearly willing to commit the same strike offense multiple times. And, he had a history of firearm offenses, a lack of self-help programming, and historic evidence of his criminal behavior that demonstrated an inability to obey the law for "a meaningful amount of time." Thus, the trial court concluded he posed "an unreasonable risk of danger to public safety within the meaning of section 1170.18."

Defendant filed a timely notice of appeal.

## II. DISCUSSION

Defendant contends the trial court abused its discretion because there was insufficient evidence to show defendant was likely to commit a "super strike" crime listed in section 667, subdivision (e)(2)(C)(iv) if he were released from custody. We disagree.

Section 1172.1, subdivision (a)(1) authorizes a court to "recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced" at any time upon a recommendation from the Secretary of CDCR or other specified persons.

The goal of such resentencing is to "eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.1, subd. (a)(2).) Section 1172.1, subdivision

5

(a)(4) provides that, "In recalling and resentencing pursuant to this provision, the court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice. The court shall consider if the defendant has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence, . . . and whether those circumstances were a contributing factor in the commission of the offense."

Because the Secretary of CDCR recommended resentencing, there is a "presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18." (§ 1172.1, subd. (b)(2).) Section 1170.18, subdivision (c) states that " 'unreasonable risk of danger to public safety' means an unreasonable risk that the petitioner will commit a new violent felony within the meaning of clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667." That clause includes several enumerated offenses, including several sex offenses, "[a]ny homicide offense, including any attempted homicide offense," and "[a]ny serious or violent felony offense punishable in California by life imprisonment or death." (§ 667, subd. (e)(2)(C)(iv).) We review the trial court's determination for an abuse of discretion. (*People v. Frazier* (2020) 55 Cal.App.5th 858, 863.)

Here, the trial court acknowledged the presumption in favor of resentencing and explained it was determining whether there was an unreasonable risk defendant would commit one of the felonies enumerated in section 667, subdivision (e). To evaluate this risk, the trial court looked at defendant's criminal history, behavior while in custody, and the absence of mitigating trauma, all of which were factors permitted under section

6

1172.1. As the trial court noted, defendant had over two dozen convictions as an adult, beginning in 1971 and concluding with his most recent conviction. Defendant had multiple felony convictions involving the use of firearms. In 1979, defendant received a robbery conviction with a firearm use enhancement for robbing a convenience store at gunpoint. In 1990, defendant received a conviction for possessing a firearm as a convicted felon. In 1996, defendant was convicted of assault with a firearm, shooting a firearm in a grossly negligent manner, and possession of a firearm as a convicted felon for an incident in which he "entered the victim's residence, fired a gun at the ceiling, and threatened to kill the residents."[3] Although defendant had no violent rules violations while incarcerated, he had disciplinary issues in 2013, 2015, 2019, and 2020, which the trial court interpreted as another indication defendant could not follow rules and regulations.

Defendant argues a general pattern of criminal behavior is not enough to show defendant was likely to commit a "super strike" offense, citing *People v. Hoffman* (2015) 241 Cal.App.4th 1304, *People v. Whitmill* (2022) 86 Cal.App.5th 1138, and *People v. Moine* (2021) 62 Cal.App.5th 440. All of these cases are distinguishable, however; as the People note, the defendant in *People v. Hoffman* had "no prior criminal history." (*People v. Hoffman, supra,* at p. 1310.) In both *People v. Whitmill* and *People v. Moine*, the respective defendants had criminal histories that did not include violent or sexually violent convictions, unlike defendant here. (*People v. Whitmill, supra*, at p. 1151; *People v. Moine, supra*, at pp. 450-451.) And although the defendant in *People v. Moine* had pending violent felony charges, two psychiatrists opined that he posed a "low risk for future assault." (*People v. Moine, supra*, at pp. 450-451.)

---

[3] The 1979 conviction, along with the 1996 convictions for assault with a firearm and shooting a firearm in a grossly negligent manner, were prior strike offenses in defendant's most recent sentencing hearing.

We find more comparable circumstances in *People v. Strother, supra*, 72 Cal.App.5th 563, which was cited by the trial court, and *People v. Hall* (2016) 247 Cal.App.4th 1255. In both cases, the defendants had criminal histories that included violent crimes, leading the respective courts to conclude the defendants presented an unreasonable risk of danger to public safety. (*People v. Strother, supra*, at p. 573; *People v. Hall, supra*, at pp. 1265-1266.) In *People v. Hall*, for example, the defendant had no record of misconduct in prison, but had regular criminal behavior over a two-decade period that included two prior strike robbery convictions. Because the defendant had received "numerous opportunities to reform," but continued committing violent offenses, "[t]he trial court could reasonably infer. . . that [the defendant] present[ed] an elevated— and escalating—risk of not only threatening violence, but also using deadly force." (*People v. Hall, supra*, at p. 1266.) Here, as in *Hall*, defendant has an extensive criminal history that includes violent strike offenses, including offenses that are the exact same offenses for which he was most recently convicted. And, as in *Hall*, the trial court found it relevant that defendant had no crime free periods, had demonstrated an inability to reform or follow rules, and was thus at high risk of committing other violent offenses. (*Ibid.*)

We disagree with defendant's argument that because defendant has not yet committed a "super strike" offense, it was "irrational" to find defendant posed an unreasonable risk of danger to public safety. A defendant need not commit at least one such offense before a court can find he is at risk of committing another. (*People v. Hall, supra*, 247 Cal.App.4th at p. 1266.) We likewise reject defendant's argument that the trial court failed to consider defendant's age; this factor was raised both in the initial recommendation letter from CDCR and in argument by defense counsel, and we see nothing in the record to indicate the trial court refused to consider this fact. We thus conclude the trial court did not abuse its discretion when it declined to recall defendant's sentence.

As a separate issue, defendant argues portions of defendant's sentence should be reconsidered based on statutory amendments made by Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1). But as the trial court noted—and the parties agreed—the recall of defendant's sentence was a prerequisite to resentencing. (See *Dix v. Superior Court* (1991) 53 Cal.3d 442, 456.) Thus, defendant would receive the benefits of the new sentencing laws only if the trial court first decided to recall his sentence. Because the trial court did not recall defendant's sentence, he was not entitled to a resentencing hearing and any new resentencing laws would not apply. We thus need not reach defendant's argument.

## III. DISPOSITION

The trial court's order declining recall of defendant's sentence is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

DUARTE, Acting P. J.

/S/

_____

KRAUSE, J.

9