Filed 12/15/25  P. v. Avila CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| THE PEOPLE, | C102492 |
| Plaintiff and Respondent, | (Super. Ct. No. 2022-CR0088754) |
| v. | |
| DANIEL AVILA, | |
| Defendant and Appellant. | |

SUMMARY OF THE APPEAL

Defendant Daniel Avila appeals a trial court order that denied his request for mental health diversion under Penal Code section 1001.36.  (Undesignated statutory references are to the Penal Code.)  Defendant did not make the requisite prima facie showing that he is eligible for mental health pretrial diversion.  We affirm the judgment.

1

FACTS AND HISTORY OF THE PROCEEDINGS

Present Case

The operative information in this case charged defendant with four counts of felony battery by a confined person on a nonconfined person in violation of section 4501.5, and one count of felony attempted battery by a confined person on a nonconfined person in violation of sections 664 and 4501.5. The information also alleged defendant had a prior strike conviction under section 667, subdivisions (b) through (i), and section 1192.7, subdivision (c). The alleged prior strike conviction was for attempted murder under sections 664 and 187, subdivision (a).

At a January 2024, hearing, the trial court set a jury trial date of May 13, 2024. The trial court later continued the trial date to September 2024. Defendant, who was acting in pro per, made an oral motion to initiate mental health diversion. The trial court told defendant, "I would require a prima faci[e] showing and I will consider that so you can go ahead and make a written motion since you are counsel in pro per."

In March 2024, the trial court appointed defendant standby and advisory counsel.

At a September 6, 2024, trial readiness conference, defendant appeared remotely. Defendant stated he wanted to subpoena people in relation to his request for mental health diversion and requested an evidentiary hearing. The trial court continued conference to September 17, 2024, and ordered defendant to be personally present to meet with his advisory counsel and provide counsel with a list of names for subpoenas.

On September 12, 2024, defendant filed a motion to continue the trial date. Defendant cited "mental health diversion" as one of the reasons he wanted a continuance. He wrote, "I have repeatedly requested to continue the trial date and 'enter into mental health diversion proceedings.' Since the currently assigned judge is completely unfamiliar with the statute related to mental health diversion, she does not understand that such proceeding automatically postpones the trial date and a judge may only require a

2

defendant to make a 'prima facie case' if that judge makes a finding that the defendant will not qualify for mental health diversion.  [¶]  The fact that the judge wants to set a trial date and get the trial going is not grounds to require me to make a prima facie case. On January 26, 2024, that was the sole reason the judge stated for requiring a prima facie case, which was to set the trial date and prevent the 'continuance' required for mental health diversion to occur."

At the September 17, 2024, trial readiness conference, defendant again brought up mental health diversion, and told the court there was a department in the Los Angeles Superior Court that does mental health diversion.  The court told defendant his request for mental health diversion was being denied, because the court was not certain defendant qualified.  However, the court agreed to contact the department defendant had identified in the Los Angeles Superior Court.  Though defendant was present at the hearing, the court noted it had received a communication that the defendant had been refusing to be transported to court.  The court told the defendant his pro per status might be revoked if he failed to appear at a hearing.  A transcript from this hearing was not included with the record on appeal.

On September 20, 2024, defendant filed a declaration in support of his pro per status.  In the declaration, defendant said he had not wanted to be transported to a hearing because he believed that if he was transported he would either miss medical appointments or those appointments would be canceled, causing a possible delay in an upcoming surgery.  He wrote, "I received an email printout from the court that the sole reason my pro per status would be terminated is if I actually refused to be transported to court.  No other reason was given.  I responded to and on that notice that my upcoming surgery was more important than the court and that I would harm any peace officers who attempted to cell extract me."

At the September 24, 2024, trial setting conference, defendant appeared pro per with the assistance of standby counsel.  Defendant again discussed referring his case to

3

Los Angeles Superior Court for mental health diversion proceedings. The trial court stated it had reached out to the Los Angeles Superior Court and left a message, but did not get a call back. The court said, "I did do my own research . . . concerning the mental health diversion. I looked at things that could be disqualifying and things that would be qualifying. And in terms of the totality of the circumstances here, the Court does not find it appropriate or reasonable–I don't think that you would be a suitable person for a variety of reasons, but I'm not going to refer you on mental health diversion on this matter." Defendant asked, "[a]nd you don't want to say what the variety of reasons are? You're just making a summary denial?" The trial court responded, "Yes. Okay. All right."

The defendant told the court he felt like it had strung him along throughout the proceedings. He said, "I kept telling you . . . I qualify for mental health diversion. I meet the six prongs. And the only reason you had me do a prima facie case is because you wanted to set the case for trial. You never had said that I didn't qualify just until now. Now, you say there's a variety of reasons. I don't think it's fair that you just make a ruling summarily without me—you don't even know what mental disorder I have." The court agreed it did not know what mental disorder defendant has. Defendant stated he would prefer a judge "who is familiar with the mental health statute or a collaborative court to make that ruling."

The court told the defendant there was no collaborative court in the county where his case was being heard, and "I would be the person who would need to be convinced that it would be appropriate." As part of its explanation for denying the request, the court said, "if you look at the entire history, I don't think you're suitable for release on mental health diversion, in any event, based on the nature of the charges that you have been convicted of in the past. [¶] And also, I'm aware of comments and things that you have written to the Court. For example, I have something that you wrote on 9/11/24, 'terrorist day' and signed it. And it says, 'To the Court.' And it was addressed to the judicial assistant who does the prison court. You wrote, 'I told you my scheduled surgery will be

4

canceled if I transfer and requested a continuance to November. I sent you an eight-page motion. Prater has no access to my medical records, so anything he says about my surgery is a lie. My surgery is more important than anything else. If you do the trial without me, then that is just the way it is. In the meantime, I have barricaded myself in my cell and have planned a sophisticated tactical cell extraction. I will not confirm or deny the presence of a weapon.' And you underlined 'weapon.' 'However, if you issue an extraction order, then I will use whatever means necessary to harm any peace officers executing the extraction.'

"That and other communications that you have sent and things that you have said indicate to this Court that the—it's not simply a matter of mental health. I certainly believe you have mental health issues, and I don't dispute that you must have a psychiatric diagnoses but that does not portend well to being in a community and the safety of the community when we even have officers who are in a position of authority and have weapons to defend themselves as well as to restrain individuals in their care and custody. That does not speak well."

Defendant insisted that to find him a substantial danger to public safety the court would need to find he was likely to commit a new felony under section "1170.18, not just any felony." He asked the court to "explicitly say on the record" that it believed if he were let out he would commit a particular "super strike" under section 1170.18. The court responded, "I don't believe I need to articulate a particular felony that you would be likely to commit. You have exhibited in court and in other instances an inability to control your emotions. You act out. You threaten physically. I have every reason to believe that you would engage in physical assaults in the future. Part of it, I think—and this just may be part of your mental health issue, I don't know. I think you enjoy getting under other people's skin, that you provoke them, and then you want to claim victim status. But I do think, at your core, that you choose to engage in violent activity, and that

would result in serious bodily injury or death to individuals in the community, if you were released." The trial court denied defendant's request for mental health diversion.

Defendant stated he was prepared to enter a plea but requested he remain able to appeal the denial of his request for diversion. Defendant pleaded no contest to one of the four charges of battery by a confined person on a nonconfined person (§ 4501.5) and admitted he had a prior strike. The People requested that the remaining counts be dismissed and another case be dismissed in its entirety.

Pursuant to a plea agreement, the trial court sentenced the defendant to a term of two years on one section 4501.5 count, which the court doubled to four years due to the prior strike.

The parties stipulated there was a factual basis, with the People citing the preliminary hearing transcript as containing the factual basis for the plea, and the defendant stating he was pleading under *People v. West*. We presume he meant *People v. West* (1970) 3 Cal.3d 595, though neither of the parties nor the court clarified this point. The record before us does not include a copy of the reporter's transcript from the preliminary hearing.

Defendant filed a notice of appeal and requested a certificate of probable cause to appeal the denial of his request for mental health diversion. The trial court granted the request for a certificate of probable cause.

Prior Convictions

When the trial court stated reasons for denying defendant's request for diversion, it cited defendant's "history" and its belief that defendant would not be suitable for mental health diversion based on his prior convictions. Defendant had attached a copy of a minute order in Los Angeles Superior Court Case No. BA410376 (Los Angeles action) to a filing in this action. The minute order identified charges that defendant faced in the Los Angeles action, including attempted murder.

6

The unpublished April 2016 opinion by our colleagues in Division Five of the Second Appellate District affirmed jury verdicts in the Los Angeles action. (See *People v. Avila* ((Apr. 8, 2016, No. B257654) 2016 Cal. App. Unpub. LEXIS 2589] (*Avila*); see Cal. Rules of Court, rule 8.1115(b)(1) [unpublished opinion may be cited "[w]hen the opinion is relevant to a criminal or disciplinary action because it states reasons for a decision affecting the same defendant or respondent in another such action"].) According to the decision, "[a] jury convicted defendant, Daniel Avila, of 20 felony offenses, all of which he committed while in custody: 3 counts of attempted premeditated murder ([] §§ 664/18[7], subd. (a)) (counts 1, 2, 4); 8 counts of assault on a peace officer with a deadly weapon or by means likely to produce great bodily injury (§ 245, subd. (c)) (counts 5–12); 1 count of possessing a shank in jail (§ 4574, subd. (a)) (count 13); 1 count of battery on a peace officer by gassing (§ 243.9, subd. (a)) (count 14); 2 counts of battery upon a custodial officer (§ 243.1) (counts 16, 23); 1 count of resisting an executive officer (§ 69) (count 17); 3 counts of attempted criminal threats (§§ 664, 422, subd. (a)) (counts 18, 20, 24); and 1 count of attempting to threaten a public officer (§§ 664, 71, subd. (a)) (count 19). The jury further found defendant: personally used a deadly weapon, a shank, in the commission of the attempted murders and six of the aggravated assaults (§ 12022, subd. (b)(1)); inflicted great bodily injury on the victim in counts 2 and 6 (§ 12022.7, subd. (a)); and had 14 prior criminal threats convictions (§ 422, subd. (a)) within the meaning of sections 667, subdivision (d) and 1170.12, subdivision (b)." (*Avila*, fn. omitted.) The opinion also described defendant's further history of making criminal threats, concluding defendant, "had an extensive history of making death threats against prosecutors and defense attorneys." (*Ibid.*)

DISCUSSION

I

*Mental Health Diversion*

A.    <u>Section 1001.36 History and Standards</u>

Effective June 27, 2018, the Legislature added sections 1001.35 and 1001.36. (Stats. 2018, ch. 34, § 24.)  The purpose of the statutes was to promote and authorize trial courts to grant "pretrial diversion" to defendants diagnosed with qualifying mental disorders.  (*Ibid.*)  Under the statute, " '[p]retrial diversion' means the postponement of prosecution, either temporarily or permanently, at any point in the judicial process from the point at which the accused is charged until adjudication, to allow the defendant to undergo mental health treatment."  (§ 1001.36, subd. (f)(1) [current]; see also Stats. 2018, ch. 34, § 24 [adopting then section 1001.36, subd. (c)].)

Effective January 1, 2023, the Legislature amended section 1001.36 by Senate Bill No. 1223 (2021–2022 Reg. Sess.) (Stats. 2022, ch. 735, § 1).  As amended, section 1001.36, subdivision (a), provides a trial court "may, in its discretion, and after considering the positions of the defense and prosecution, grant pretrial diversion to a defendant . . . if the defendant satisfies the eligibility requirements for pretrial diversion set forth in subdivision (b) and the court determines that the defendant is suitable for that diversion under the factors set forth in subdivision (c)."

"At any stage of the proceedings, the court may require the defendant to make a prima facie showing that the defendant will meet the minimum requirements of eligibility for diversion and that the defendant and the offense are suitable for diversion.  The hearing on the prima facie showing shall be informal and may proceed on offers of proof, reliable hearsay, and argument of counsel.  If a prima facie showing is not made, the court may summarily deny the request for diversion or grant any other relief as may be deemed appropriate."  (§ 1001.36, subd. (e).)

Section 1001.36, subdivision (b), sets forth two eligibility requirements. First, a defendant must have been "been diagnosed with a mental disorder as identified in the most recent edition of the Diagnostic and Statistical Manual of Mental Disorders . . . excluding antisocial personality disorder and pedophilia. Evidence of the defendant's mental disorder shall be provided by the defense and shall include a diagnosis or treatment for a diagnosed mental disorder within the last five years by a qualified mental health expert." (§ 1001.36, subd. (b)(1).) Second, to be eligible, "defendant's mental disorder" must have been "a significant factor in the commission of the charged offense." (*Id.* at subd. (b)(2).) Under the statute, "[i]f the defendant has been diagnosed with a mental disorder, the court shall find that the defendant's mental disorder was a significant factor in the commission of the offense unless there is clear and convincing evidence that it was not a motivating factor, causal factor, or contributing factor to the defendant's involvement in the alleged offense. A court may consider any relevant and credible evidence, including, but not limited to, police reports, preliminary hearing transcripts, witness statements, statements by the defendant's mental health treatment provider, medical records, records or reports by qualified medical experts, or evidence that the defendant displayed symptoms consistent with the relevant mental disorder at or near the time of the offense." (*Ibid.*)

If the defendant satisfies the eligibility requirements, the court must then consider whether the defendant is suitable for pretrial diversion under the four criteria set forth in section 1001.36, subdivision (c): (1) "In the opinion of a qualified mental health expert, the defendant's symptoms of the mental disorder causing, contributing to, or motivating the criminal behavior would respond to mental health treatment" (*id.*, subd. (c)(1)); (2) "The defendant consents to diversion and waives the defendant's right to a speedy trial . . ." (*id.*, subd. (c)(2)); (3) "The defendant agrees to comply with treatment as a condition of diversion . . . " (*id.*, subd. (c)(3)); and (4) "The defendant will not pose an unreasonable risk of danger to public safety, as defined in Section 1170.18, if treated in

9

the community.  The court may consider the opinions of the district attorney, the defense, or a qualified mental health expert, and may consider the defendant's treatment plan, the defendant's violence and criminal history, the current charged offense, and any other factors that the court deems appropriate" (*id.*, subd. (c)(4)).

Under section 1170.18, subdivision (c), an " 'unreasonable risk of danger to public safety' means an unreasonable risk that the petitioner will commit a new violent felony within the meaning of clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667." " 'By requiring an assessment of whether the defendant "will commit a new violent felony" within the meaning of section 667, subdivision (e)(2)(C)(iv), a trial court necessarily must find the defendant is "likely to commit a super-strike offense." ' ([*People v.*] *Moine*[ (2021)] 62 Cal.App.5th [440,] 450, quoting *People v. Hoffman* (2015) 241 Cal.App.4th 1304, 1310 [].)" (*Sarmiento v. Superior Court* (2024) 98 Cal.App.5th 882, 897.)  "A trial court's ruling on a request for mental health diversion is reviewed for abuse of discretion, and the court's factual findings are reviewed for substantial evidence. (*People v. Moine*[*, supra*] 62 Cal.App.5th [at pp.] 448–449 [].)  '[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it.' (*People v. Carmony* (2004) 33 Cal.4th 367, 377 [].) However, it is also true that '[a] court abuses its discretion when it makes an arbitrary or capricious decision by applying the wrong legal standard [citations], or bases its decision on express or implied factual findings that are not supported by substantial evidence.' (*Moine*, at p. 449.)  Additionally, '[a]ction that transgresses the confines of the applicable principles of law is outside the scope of discretion' and constitutes an abuse of discretion. (*People v. Jacobs* (2007) 156 Cal.App.4th 728, 737 [].)" (*Lacour*[ (2025)] 110 Cal.App.5th 391, 401.)

10

B.      <u>Defendant</u> <u>Did</u> <u>Not</u> <u>Prove</u> <u>Eligibility</u>

Defendant failed to demonstrate eligibility for mental health diversion.  Defendant argues the first eligibility requirement under section 1001.36, subdivision (b)(1), was met because the trial court stated it did not dispute that defendant has "psychiatric diagnosis." But the statute does not say someone with *any* psychiatric diagnosis is eligible. (§ 1001.36, subd. (b)(1).)  The record reflects that defendant stated and the trial court agreed that the court did not know what mental health diagnosis defendant had.  Also, there is no suggestion that the defendant stated or that the trial court knew when a diagnosis was made or treatment for a diagnosis was provided.

To be eligible for mental health diversion a defendant must have, "a mental disorder as identified in the most recent edition of the Diagnostic and Statistical Manual of Mental Disorders" that is not "antisocial personality disorder [or] pedophilia." (§ 1001.36, subd. (b)(1).)  Moreover, evidence of a qualifying mental disorder, "shall be provided by the defense and shall include a diagnosis or treatment for a diagnosed mental disorder *within the last five years by a qualified mental health expert*."  (*Ibid.*, italics added.)

The trial court directed defendant to file a written motion for diversion and to meet his prima facie burden.  Based on the record before us, defendant never filed a written motion, let alone one that included prima facie evidence of a qualified disorder.

Defendant has pointed to nowhere in the record where he has either (1) identified a qualifying disorder, or (2) referenced a diagnosis of or treatment for *any* mental health disorder by a mental health expert.  In his opening brief, defendant treats the portion of his argument to continue the trial which identifies his requests for diversion as his written request for diversion.  This characterization does not help defendant's argument.  First, while defendant may have mentioned he made requests for diversion in the motion for a continuance, he did not actually request diversion in the filing.  Instead, he argued the

trial judge did not understand the laws governing diversion, and he offered no information regarding how he met the specific eligibility and suitability requirements of section 1001.36, subdivisions (b) and (c). He did not declare he has been diagnosed with or even had a mental health disorder, qualifying or otherwise. For those many reasons, the trial court did not err in holding defendant had not made a showing that he was eligible for pretrial mental health diversion.

DISPOSITION

We affirm the trial court's order.


\_\_/s/_____
HULL, Acting P. J.

We concur:


\_\_\_\_\_/s/_____
RENNER, J.


\_\_\_\_\_/s/_____
MESIWALA, J.

12