Filed 7/7/16  P. v. Pardue CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064597 |
| v. | (Super.Ct.No. RIF1101980) |
| DONALD MICHAEL PARDUE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina, and Seth M. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

1

I

INTRODUCTION

Defendant Donald Michael Pardue appeals an order denying a petition to recall his sentence for grand theft, charged in count 5, and for resentencing to a misdemeanor under Proposition 47, the Safe Neighborhoods and Schools Act. (Pen. Code, §§ 1170.18, 487, subd. (a).)[1] The trial court denied defendant's petition on the ground defendant was ineligible for resentencing because the aggregate loss from all of defendant's crimes exceeded $950.

Defendant contends the trial court erred in considering the aggregate value of the stolen property as to all of the charges, rather than only considering the value of the stolen property alleged in count 5. Defendant further argues that he made a prima facie showing that the value did not exceed $950, and the People did not meet their burden of refuting this. Therefore defendant qualified for resentencing as to count 5.

We conclude defendant did not meet his burden of showing the value of the stolen property alleged in count 5 did not exceed $950. We therefore affirm the judgment.

II

FACTUAL AND PROCEDURAL BACKGROUND

In April and May 2011, the Riverside County District Attorney filed a felony complaint and amended complaint against defendant, alleging kidnapping to commit

---

[1] Unless otherwise noted, all statutory references are to the Penal Code.

robbery, rape, oral copulation, sodomy (§§ 209, subd. (b)(1), 289), robbery (§ 211), willful harm to a child (§ 273a), and grand theft (§ 487, subd. (a)).

After the preliminary hearing in August 2011, the district attorney filed an 18-count information, which included allegations of kidnapping, with the personal use of a firearm (count 1), robbery (count 2), felony grand theft of gardening tools (counts 3-15), theft of a lawn mower exceeding $400 in value (count 16), and two counts of misdemeanor defacing property with graffiti (§ 594, subd. (b)(2)(A); counts 17-18). Each count of theft alleged the stolen property was taken from a different victim and on a different date. Counts 3, 14, and 15 alleged the value of the stolen gardening tools exceeded $950 in value, with the alleged property value as to the other theft counts exceeding $400 (counts 4-13). Count 5, the charge at issue in this appeal, alleges that on June 2, 2010, defendant stole from Armando Barcenas gardening tools exceeding $400 in value.

*Hearing on Defendant's Guilty Plea*

In March 2012, defendant pled guilty to one count of robbery (count 2) and six counts of grand theft (counts 3-5, 12, 13, and 15), as alleged in the amended information. Defendant also admitted as to count 3 that he committed the crime while released on bail (§ 12022.1). The trial court found that the factual basis for the plea was based on the written plea agreement, which states the factual basis consists of the facts stated in the charges. The trial court sentenced defendant to an aggregate term of eight years in prison.

3

During the plea hearing, the victim in count 3, Juan Jose Rivera, testified that defendant stole $3,500 worth of machinery from him, causing the victim to lose work and income. Based on Rivera's testimony, the trial court ordered $3,500 in restitution paid to Rivera, as to count 3. The court reserved jurisdiction as to restitution regarding the other counts. The same day as the plea hearing, the district attorney filed an 18-count amended information, alleging essentially the same offenses as those alleged in the original information.

*Petition for Resentencing*

In December 2014, defendant filed a petition for resentencing. Defendant's form petition states defendant requested his section 487, subdivision (a), felony convictions for grand theft be designated as misdemeanors. Defendant did not specify any particular counts. A week later, defendant filed a second form petition for resentencing, requesting his section 487, subdivision (a), felony convictions reduced to misdemeanors. Defendant checked the box on the form petition, which states "Defendant believes the value of the check or property does not exceed $950." Again, defendant did not list any specific counts.

The district attorney filed a form response to defendant's petitions for resentencing. We refer to the two petitions collectively as the "petition." The People's response states that defendant's petition is for resentencing as to all of his convictions, including each theft conviction (counts 3-5, 12-13, and 15) and the robbery conviction (count 2). The petition response further states that defendant is not entitled to resentencing because the robbery conviction does not qualify for resentencing and the

4

remaining grand theft convictions are ineligible because the value of the stolen property exceeds $950. The trial court set a hearing on the petition, noting that there was an issue as to the value of the stolen property.

*Hearing on Resentencing Petition*

After numerous continuances, the trial court heard defendant's petition on September 18, 2015. During the hearing, defendant's attorney stated that defendant's situation was "pretty complicated . . . . At the time he pled, we actually did some investigation and spoke to the victim. He told us what was taken and that his appraisal of what it was worth is $300 for two items for a total of $600. I think the People's position is that he also entered into a Harvey waiver as to the other counts. And with that, I would submit."

The court and counsel responded:

"THE COURT: Is that on the plea form?

"MS. YI [prosecutor]: It is, Your Honor, and I believe restitution was ordered in the amount of $3500.

"THE COURT: So your position, for the record, Ms. Mullins, is that you don't believe the Harvey waiver should control as to the one count?

"MS. MULLINS [defense counsel]: Yes.

"THE COURT: All right. I do note that he did plead to two 487(a) counts and then a host of them were dismissed. Count 6 through 11, and then also another Count 15 was dismissed. He actually pled to four 487(a)s. [¶] So in light of the fact that the total loss was over $950, and the point of 1170.18 is to let people go on misdemeanors when

5

the loss is under $950, and there is a waiver for restitution, I'm going to find that he's not eligible for relief, and then you can take an appeal and see if the appellate court disagrees with me."

The trial court accordingly denied defendant's petition for resentencing. Defendant filed a notice of appeal.

III

INELIGIBILITY FOR RESENTENCING

Defendant contends the trial court erred in denying his petition requesting his count 5, grand theft felony conviction (§ 487, subd. (a)) reduced to misdemeanor petty theft under Proposition 47 (§ 490.2).

A. *Proposition 47*

In November 2014, California voters enacted Proposition 47, which "created a new resentencing provision: section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47. [Citation.] A person who satisfies the criteria in section 1170.18 shall have his or her sentence recalled and be 'resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.18, subd. (b).)" (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1092.)

Proposition 47 added a new petty theft provision, section 490.2, which states: "Notwithstanding Section 487 or any other provision of law defining grand theft,

6

obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor, except that such person may instead be punished pursuant to subdivision (h) of Section 1170 if that person has one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290." (§ 490.2.)

The statutory criteria for resentencing are that the "person [is] currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor . . . had this act been in effect at the time of the offense . . . ." (§ 1170.18, subd. (a); *People v. Hoffman* (2015) 241 Cal.App.4th 1304, 1309.) The defendant must establish eligibility by "stating and in some cases showing the offense of conviction has been reclassified as a misdemeanor and, where the offense of conviction is a theft crime reclassified based on the value of stolen property, showing the value of the property did not exceed $950. [Citation.] The defendant must attach information or evidence necessary to enable the court to determine eligibility." (*People v. Perkins* (2016) 244 Cal.App.4th 129, 136-137 (*Perkins*), citing *People v. Sherow* (2015) 239 Cal.App.4th 875, 880 (*Sherow*); see § 1170.18, subd. (a).)

The petitioner has the burden of establishing eligibility for resentencing "[b]ecause defendant is the petitioner seeking relief, and because Proposition 47 does not provide otherwise." (*Sherow, supra,* 239 Cal.App.4th at pp. 878-879; see *People v. Rivas-Colon*

(2015) 241 Cal.App.4th 444, 449-450 (*Rivas-Colon*) and *Perkins, supra,* 244 Cal.App.4th at p. 136.)

*B. Analysis*

Defendant did not meet his burden of establishing in the trial court that the value of the stolen property alleged in count 5 did not exceed $950. Defendant did not attach any information or evidence necessary to enable the court to determine eligibility. Nor did defendant testify about the nature of the items taken. This lack of evidence and ambiguity as to the specifics of each count is reflected in the court and counsel's perplexing comments made during the petition hearing. For instance, the trial court stated defendant only pled to two section 487, subdivision (a), counts and a "host of them were dismissed." The trial court then corrected itself and said defendant pled guilty to four grand theft counts. Defendant actually pled guilty to six section 487, subdivision (a), counts (counts 3-5, 12-13, and 15). The trial court noted that count 15 was dismissed but the record does not show this.

In addition, the trial court stated that there was a waiver of restitution but the record does not show any express waiver regarding restitution at the time of defendant's plea. The trial court ordered $3,500 in restitution only as to a victim who appeared at the plea hearing and testified he suffered a loss of $3,500. This was not the victim in count 5, which is the subject of the instant appeal. The trial court reserved jurisdiction over restitution as to the other counts.

Furthermore, there is nothing indicating that at the time of the resentencing hearing, defendant presented any evidence showing that, as to any of the grand theft

8

counts individually or collectively, the value of the stolen property did not exceed $950. There is no showing as to the value of any of the stolen property, other than the allegations in the pleadings, which state that the value of the stolen property exceeded either $400 or $950, depending on the particular count. Such allegations do not establish that the stolen property, as to any of the counts, did not exceed $950.

While we do not agree with the trial court's stated reasons for denying defendant's resentencing petition, we agree with the outcome. "[O]n appeal we are concerned with the correctness of the superior court's determination, not the correctness of its reasoning. (*People v. Dawkins* (2014) 230 Cal.App.4th 991, 1004 . . . ['"If right upon any theory of the law applicable to the case, [a decision] must be sustained regardless of the considerations which may have moved the trial court to its conclusion. [¶] . . . [¶] In other words, it is judicial action, and not judicial reasoning or argument, which is the subject of review; and, if the former be correct, we are not concerned with the faults of the latter." [Citation.]'].) '"[W]e may affirm a trial court judgment on any [correct] basis presented by the record whether or not relied upon by the trial court. [Citation.]" [Citation.]' (*ASP Properties Group, L.P. v. Fard, Inc.* (2005) 133 Cal.App.4th 1257, 1268.)" (*Perkins, supra,* 244 Cal.App.4th at p. 139.)

Here, the record on appeal shows there was insufficient evidence or, rather, no evidence supporting defendant's petition for resentencing on count 5. Defendant argues the burden is on the People to prove the value of the stolen property exceeds $950 but, as *Sherow* holds, the burden is on defendant to prove the stolen property does not exceed $950. (*Sherow, supra,* 239 Cal.App.4th at pp. 878-880; see *Rivas-Colon, supra,* 241

9

Cal.App.4th at p. 449.) Defendant failed to meet this burden. His petition did not provide any evidence as to the value of the stolen property alleged in count 5, nor was any evidence presented at the hearing on the petition.

Furthermore, in the trial court, there was no differentiation in the petition or during the hearing as to the value of the stolen property alleged in each of the six grand theft counts, and the trial court's ruling was improperly based on the aggregate value of all of the stolen property alleged in each theft count. Now, on appeal, defendant is challenging only the trial court's denial of resentencing as to count 5. There was no showing in the trial court at the time of the hearing on the resentencing petition as to the value of the stolen property alleged in count 5. On appeal, defendant attempts, after the fact, to rectify this deficiency in evidence by including in the record on appeal the preliminary hearing transcript. Defendant also requested that the record on appeal include the police report but, according to the superior court clerk, a police report was not filed or retained by the trial court. This is most likely because defendant did not submit the police report to the trial court for consideration when the trial court ruled on the petition. Therefore the police report is not part of the trial court record or this court's record.

In reviewing the trial court's ruling on defendant's resentencing petition, we are limited to considering the evidence before the trial court when it ruled on the petition. The record shows that the police report and preliminary hearing transcript were not submitted to the trial court as evidence supporting defendant's resentencing petition. Therefore we will not consider such evidence on review. Accordingly, since defendant failed to present the trial court with any evidence establishing that the stolen property

10

alleged in count 5 did not exceed $950, we affirm the trial court ruling denying defendant's resentencing petition.  (*Rivas-Colon, supra,* 241 Cal.App.4th at pp. 449-450.)

IV

DISPOSITION

The order denying defendant's petition for resentencing is affirmed without prejudice to refiling, because defendant did not carry his burden of proof in the trial court.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:


McKINSTER
Acting P. J.


MILLER
J.