[No. C058588. Third Dist. Sept. 14, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
DUKE AUSTIN GOODLIFFE, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION[1]]**

---

[1] The Reporter of Decisions is directed to publish the opinion except for parts II. and III. of the Discussion.

## COUNSEL

Elizabeth M. Campbell, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Charles A. French and Brook Bennigson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BLEASE, J.**—Does a general statement of legislative intent trump the plain meaning of a statute? The issue arises in the application of subdivision (c) of Penal Code section 667.6.[2] It provides that a "full, separate, and consecutive term" may be imposed for each violation of a violent sexual offense listed in subdivision (e), but only if the "*crimes involve the same victim on the same occasion.*" (Italics added.) Notwithstanding the plain meaning of this provision, the trial court imposed a full, consecutive term on defendant Duke Austin Goodliffe for a crime committed against a separate victim. He appeals.

Defendant pleaded no contest to four sexual offenses involving four young children[3] including one offense specified in section 667.6, subdivision (e) (count 9).[4] He was sentenced to 19 years four months in state prison,[5] including a full, consecutive term for count 9 under subdivision (c) of section 667.6. We requested supplemental letter briefs addressing whether defendant was properly sentenced to a full, consecutive term under section 667.6.

---

[2] A reference to a section is to the Penal Code unless otherwise designated.

[3] Defendant pleaded no contest to one count of committing a lewd and lascivious act upon a child who is 14 or 15 years old by a person who is at least 10 years older (§ 288, subd. (c)(1)—count 1), two counts of committing a lewd and lascivious act upon a child under the age of 14 (§ 288, subd. (a)—counts 5 & 10), one count of committing a forcible lewd and lascivious act upon a child under the age of 14 (§ 288, subd. (b)(1)—count 9), and one count of bigamy (§ 281, subd. (a)—count 11) in exchange for dismissal of the remaining counts and an enhancement allegation.

[4] Count 9 charged defendant with a forcible lewd and lascivious act upon a child under the age of 14 (§ 288, subd. (b)(1)). It is listed as an offense in subdivision (e). (§ 667.6, subd. (e)(5).)

[5] The sentence consisted of eight years (the upper term) on count 10, a consecutive eight months (one-third the middle term) on count 1, a consecutive two years (one-third the middle term) on count 5, a consecutive eight years (the full upper term) on count 9 (§ 667.6, subd. (c)), and a consecutive eight months (one-third the middle term) on count 11. The court also ordered that defendant "have no visitation with the victims pursuant to [section] 1202.05 . . . ."

On appeal defendant claims that he is not subject to subdivision (c) because the other crimes of which he was convicted did not involve the same victim on the same occasion. The People concede that is the case. However they argue that a literal reading of subdivision (c) would lead to the "absurd consequence[]" of "lessen[ing] the number of sex offenders who fall under the purview" of Jessica's Law (The Sexual Predator Punishment and Control Act: Jessica's Law), in conflict with its stated intention.[6] They ask that we rewrite subdivision (c) to reinsert language that Jessica's Law repealed.[7] That we cannot do.

"[T]he basic principle of statutory . . . construction . . . mandates that courts, in construing a measure, not undertake to rewrite its unambiguous language. (*In re Waters of Long Valley Creek Stream System* (1979) 25 Cal.3d 339, 348 [158 Cal.Rptr. 350, 599 P.2d 656].)" (*People v. Skinner* (1985) 39 Cal.3d 765, 775 [217 Cal.Rptr. 685, 704 P.2d 752] (*Skinner*).) There are a few exceptions to the rule. "[It] is not applied . . . when it appears clear that a word has been erroneously used, and a judicial correction will best carry out the intent of the adopting body. (*Pepper* v. *Board of Directors* (1958) 162 Cal.App.2d 1, 4 [327 P.2d 928].)" (*Skinner, supra*, 39 Cal.3d at p. 775.) The rule also does not apply where a literal reading would achieve the absurd consequence of rendering other provisions of the same enactment ineffective. (*People v. Pieters* (1991) 52 Cal.3d 894, 898–899 [276 Cal.Rptr. 918, 802 P.2d 420] (*Pieters*).)

*Pieters* is relied on by the People in this appeal. However, *Pieters* does not apply to this case because section 667.6, subdivision (c) does not render ineffective any other provision of Jessica's Law.

Accordingly, we shall reverse the judgment insofar as it imposes a full, consecutive term on count 9 and remand the matter for resentencing.[8]

---

[6] Jessica's Law was enacted by an initiative, The Sexual Predator Punishment and Control Act, whose stated intent is "to strengthen and improve the laws that punish and control sexual offenders." (Prop. 83, § 31, approved Nov. 7, 2006, eff. Nov. 8, 2006.) The amendment to subdivision (c) of section 667.6 was one of two dozen statutes amended or added by the initiative.

[7] Jessica's Law repealed language that authorized a trial court to impose "a full, separate, and consecutive term . . . for each violation of [enumerated sex offenses] *whether or not the crimes were committed during a single transaction.*" (Former § 667.6, subd. (c), as amended by Stats. 2002, ch. 787, § 16, italics added.)

[8] Pursuant to the unpublished portion of the opinion we shall also reverse a no visitation order, as it applies to the victims of the bigamy offense, K.G. (born 1980) and J.B.

## DISCUSSION[9]

### I.

In his supplemental letter brief, defendant contends the trial court erred in sentencing him to a full, consecutive term on count 9 because his crimes did not "involve the same victim on the same occasion" as required by section 667.6, subdivision (c). We agree.

Section 667.6, subdivision (c) authorizes a trial court to impose "a full, separate, and consecutive term . . . for each violation of an offense specified in subdivision (e) *if the crimes involve the same victim on the same occasion.*"[10] (Italics added.) Subdivision (c) further provides that "[a] term may be imposed consecutively pursuant to this subdivision if a person is convicted of at least one offense specified in subdivision (e)."[11]

The People concede that defendant's crimes did not involve the same victim on the same occasion,[12] but argue that giving section 667.6, subdivision (c) its literal meaning would conflict with the electorate's stated

---

[9] The facts of the underlying offenses are not relevant to the issues raised in this appeal.

[10] By contrast, section 667.6, subdivision (d) mandates a trial court to impose "[a] full, separate, and consecutive term . . . for each violation of an offense specified in subdivision (e) *if the crimes involve separate victims or involve the same victim on separate occasions.*" (Italics added.) Unlike subdivision (c), this mandatory sentencing scheme applies only when a defendant stands convicted of more than one offense specified in subdivision (e). (*People v. Jones* (1988) 46 Cal.3d 585, 594, fn. 5, 595–596 [250 Cal.Rptr. 635, 758 P.2d 1165] (*Jones*).) Defendant was convicted of but one offense specified in subdivision (e), a forcible lewd and lascivious act upon a child under the age of 14. (§ 288, subd. (b)(1)—count 9.) (§ 667.6, subd. (e)(5).) For that reason he is not subject to the mandatory consecutive sentencing scheme in subdivision (d).

[11] Section 667.6, subdivision (c) states in its entirety: "In lieu of the term provided in Section 1170.1, a full, separate, and consecutive term may be imposed for each violation of an offense specified in subdivision (e) if the crimes involve the same victim on the same occasion. A term may be imposed consecutively pursuant to this subdivision if a person is convicted of at least one offense specified in subdivision (e). If the term is imposed consecutively pursuant to this subdivision, it shall be served consecutively to any other term of imprisonment, and shall commence from the time the person otherwise would have been released from imprisonment. The term shall not be included in any determination pursuant to Section 1170.1. Any other term imposed subsequent to that term shall not be merged therein but shall commence at the time the person otherwise would have been released from prison."

[12] Indeed, the trial court indicated it was "exercising its discretion to impose a fully consecutive sentence" on count 9 because the crime "occurred at a separate time and place than the earlier counts," "involved a separate act of sexual violence," and "multiple victims."

intent in Jessica's Law "to strengthen and improve the laws that punish and control sexual offenders." (Voter Information Guide, Gen. Elec. (Nov. 7, 2006) text of Prop. 83, § 31, p. 138.)[13] Given that intent, the People find it an "absurd consequence[]" that section 667.6, subdivision (c) would "lessen the number of sex offenders who fall under [its] purview . . . by making [it] inapplicable to a defendant who is convicted of committing an [enumerated sex offense] against one victim and a non-[enumerated sex offense] against a separate victim on a separate occasion."

As noted (see *ante*, fn. 7), Jessica's Law *repealed* language that authorized a trial court to impose "a full, separate, and consecutive term . . . for each violation of [enumerated sex offenses] *whether or not the crimes were committed during a single transaction*." (Former § 667.6, subd. (c), as amended by Stats. 2002, ch. 787, § 16, italics added.) Notwithstanding, the People urge us to insert language that would undo the repeal.[14] That we cannot do.

■ In interpreting a voter initiative "we apply the same principles that govern statutory construction." (*People v. Rizo* (2000) 22 Cal.4th 681, 685 [94 Cal.Rptr.2d 375, 996 P.2d 27]; see also *People v. Elliot* (2005) 37 Cal.4th 453, 478 [35 Cal.Rptr.3d 759, 122 P.3d 968].) As noted, "the basic principle of statutory . . . construction . . . mandates that courts, in construing a measure, not undertake to rewrite its unambiguous language. (*In re Waters of Long Valley Creek Stream System*[, *supra*,] 25 Cal.3d 339, 348 . . . .)" (*Skinner, supra*, 39 Cal.3d at p. 775.)[15] "In interpreting statutes, we follow the Legislature's intent, as exhibited by the plain meaning of the actual words of the law . . . ." (*California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 632 [59 Cal.Rptr.2d 671, 927 P.2d

---

[13] The Voter Information Guide is not included in the record on appeal, but, as an official government document, is a proper subject of judicial notice. (Evid. Code, § 452, subd. (c); *Vargas v. City of Salinas* (2009) 46 Cal.4th 1, 22 [92 Cal.Rptr.3d 286, 205 P.3d 207].) Accordingly, we take judicial notice of the Voter Information Guide.

The "Official Title and Summary" prepared by the Attorney General states that Jessica's Law "[i]ncreases penalties for violent and habitual sex offenders and child molesters." (Voter Information Guide, Gen. Elec. (Nov. 7, 2006) Official Title and Summary of Prop. 83, p. 42.)

[14] They would have us either reinsert the repealed language or insert language to the same effect—the word "even" in between the words "subdivision (e)" and "if" so that the subdivision reads "a full, separate, and consecutive term may be imposed for each violation of an offense specified in subdivision (e) *even* if the crimes involve the same victim on the same occasion." (§ 667.6, subd. (c), italics added.)

[15] "That rule is not applied, however, when it appears clear that a word has been erroneously used, and a judicial correction will best carry out the intent of the adopting body." (*Skinner, supra*, 39 Cal.3d at p. 775.) That is not the case here.

1175].) A court " ' "is not authorized to . . . rewrite the statute to conform to an assumed intention which does not appear from its language." ' " (*In re Hoddinott* (1996) 12 Cal.4th 992, 1002 [50 Cal.Rptr.2d 706, 911 P.2d 1381].) It is only when the language to be construed is ambiguous that the courts may look to legislative intent to resolve the ambiguity. As the People concede, section 667.6's language is not ambiguous.

██ The absurd consequences exception to the plain meaning rule cannot be applied whenever it is claimed to run counter to a generalized legislative intent. The meaning of absurd consequences appears only in the narrow factual circumstances of its application. That is made clear in *Pieters*, upon which the People rely for the proposition that the " 'language of a statute should not be given a literal meaning if doing so would result in absurd consequences which the Legislature [or, as in this case, the electorate] did not intend.' " (*Pieters, supra,* 52 Cal.3d at p. 898.)

In *Pieters*, the court held that "drug quantity" enhancements imposed pursuant to Health and Safety Code section 11370.4 are impliedly excepted from the double-base term limitation of former section 1170.1, subdivision (g). (*Pieters, supra,* 52 Cal.3d at pp. 896–897.) The court explained: "Quantity enhancements under [Health and Safety Code] section 11370.4 were enacted in 1985. [Citation.] The express legislative purpose in adding [that] section was 'to punish more severely those persons who are in the regular business of trafficking in, or production of, narcotics and those persons who deal in large quantities of narcotics as opposed to individuals who have a less serious, occasional, or relatively minor role in this activity.' [Citation.] [¶] The double-base-term limitation, on the other hand, first became operative in 1977. [Citations.] In cases involving multiple sentences, [that] rule limit[ed] the maximum term to twice the number of years imposed as the base term under . . . section 1170[.1], subdivision (b). Then, as now, the rule admitted specific exceptions. Quantity enhancements pursuant to [Health and Safety Code] section 11370.4, however, were not explicitly included among those exceptions until 1988—after defendant had committed the crimes charged." (*Id.* at p. 898.)

In *People v. Carvajal* (1988) 202 Cal.App.3d 487 [249 Cal.Rptr. 368], cited with approval in *Pieters, supra,* 52 Cal.3d at pages 899–901, "the Court of Appeal initially observed that [Health and Safety Code] section 11352 provides allowable base terms of three, four, or five years. [Citation.] The court reasoned that if [Health and Safety Code] section 11370.4 were subject to the double-base term limitation, only the three-year enhancement could be applied regardless of the chosen base term: a five-year enhancement could be

imposed only if the defendant received the upper, [and a] five-year base term, and a ten-year enhancement *'could never be imposed.'* " (*Pieters*, at p. 899, summarizing & quoting *Carvajal, supra*, 202 Cal.App.3d at p. 501.) As a consequence, a literal reading of the double-base term limitation would render ineffective other provisions of the enactment of which it was a part.

The present case is distinguishable. No provision of section 667.6 would be rendered ineffective if subdivision (c) is given its literal meaning. While defendants whose crimes involve separate victims or the same victim on separate occasions are not subject to subdivision (c)'s discretionary sentencing scheme, they are included in subdivision (d)'s mandatory sentencing scheme in cases where a defendant is convicted of more than one subdivision (e) offense.[16] (§ 667.6, subd. (d); *Jones, supra*, 46 Cal.3d at pp. 595–596.) Because, however, subdivision (d)'s mandatory sentencing scheme applies only where a defendant is convicted of more than one such offense (§ 667.6, subds. (c), (d); *Jones, supra*, 46 Cal.3d at pp. 594, fn. 5, 595–596), defendants whose crimes involve separate victims or the same victim on separate occasions, but who are convicted of only one offense enumerated in subdivision (e), would not be subject to a full, consecutive sentence if subdivision (c) is given its literal meaning.

While such a construction may be viewed as inconsistent with the electorate's generalized intent "to strengthen and improve the laws that punish and control sexual offenders" insofar as it narrows, albeit slightly, section 667.6, subdivision (c)'s application, it does not follow that the plain, unambiguous language of subdivision (c) should not be given its literal meaning. Unlike the present case, *Pieters* involved "an unambiguous expression of legislative purpose" as "evidenced by both the express purpose of the section and the graduated sentence enhancements provided therein." (*Pieters, supra*, 52 Cal.3d at pp. 902, 901.)

---

[16] Section 667.6, subdivision (e) specifies the following offenses: "(1) Rape, in violation of paragraph (2), (3), (6), or (7) of subdivision (a) of Section 261. [¶] (2) Spousal rape, in violation of paragraph (1), (4), or (5) of subdivision (a) of Section 262. [¶] (3) Rape, spousal rape, or sexual penetration, in concert, in violation of Section 264.1. [¶] (4) Sodomy, in violation of paragraph (2) or (3) of subdivision (c), or subdivision (d) or (k), of Section 286. [¶] (5) Lewd or lascivious act, in violation of subdivision (b) of Section 288. [¶] (6) Continuous sexual abuse of a child, in violation of Section 288.5. [¶] (7) Oral copulation, in violation of paragraph (2) or (3) of subdivision (c), or subdivision (d) or (k), of Section 288a. [¶] (8) Sexual penetration, in violation of subdivision (a) or (g) of Section 289. [¶] (9) As a present offense under subdivision (c) or (d), assault with intent to commit a specified sexual offense, in violation of Section 220. [¶] (10) As a prior conviction under subdivision (a) or (b), an offense committed in another jurisdiction that includes all of the elements of an offense specified in this subdivision."

Here, section 667.6 was one of over two dozen statutes amended or added by Jessica's Law.[17] (Voter Information Guide, Gen. Elec. (Nov. 7, 2006) text of Proposition 83, §§ 3–30, pp. 127–138.) While the electorate's general intent in enacting Proposition 83 was to strengthen and improve the laws that punish sex offenders (Voter Information Guide, Gen. Elec. (Nov. 7, 2006) text of Jessica's Law, § 31, p. 138), we cannot say that the electorate did not intend that section 667.6, subdivision (c) be given its literal meaning. This is particularly so where, as here, the drafters plainly intended to omit the "whether or not" language.

■ "When construing . . . initiative measures, . . . the intent of the drafters may be considered . . . if there is reason to believe that the electorate was aware of that intent [citation] and we have often presumed, in the absence of other indicia of the voters' intent such as ballot arguments [citation] or contrary evidence, that the drafters' intent and understanding of the measure was shared by the electorate." (*Rossi v. Brown* (1995) 9 Cal.4th 688, 700, fn. 7 [38 Cal.Rptr.2d 363, 889 P.2d 557]; see also *People v. Hazelton* (1996) 14 Cal.4th 101, 123 [58 Cal.Rptr.2d 443, 926 P.2d 423].)

In amending section 667.6, subdivision (c), the drafters not only repealed the "whether or not" language, but added the following sentence: "A term may be imposed consecutively pursuant to this subdivision if a person is convicted of at least one offense specified in subdivision (e)." (§ 667.6, subd. (c); see Voter Information Guide, Gen. Elec. (Nov. 7, 2006) text of Prop. 83, § 11, p. 130.) In *Jones, supra,* 46 Cal.3d at page 589, the Supreme Court held that "a single conviction of an enumerated sex offense is sufficient to trigger the sentencing court's discretion under . . . section 667.6, subdivision (c), to impose a full, consecutive sentence for that conviction." At the time the defendant in that case was sentenced (before Jessica's Law), section 667.6, subdivision (c) authorized a trial court to impose "a full, separate, and consecutive term . . . for each violation of [certain enumerated sex offenses] *whether or not* the crimes were committed during a single transaction." (46 Cal.3d at p. 591, fn. 2, italics added & omitted.) In holding that a single conviction of an enumerated sex offense was sufficient to trigger the sentencing court's discretion under subdivision (c), the court relied substantially on the "whether or not" language, explaining that "it is at once apparent that the 'whether or not' language was intended to broaden the scope of subdivision (c)'s effect not to restrict it." (46 Cal.3d at p. 593.) "The entire 'whether or not' clause is to be read as the Legislature's shorthand pronouncement that

---

[17] In addition to section 667.6, Proposition 83 amended or added the following: sections 209, 220, 269, 288.3, 290.3, 311.11, 667.5, 667.51, 667.61, 667.71, 1203.06, 1203.065, 1203.075, 3000, 3000.07, 3001, 3003, 3003.5, 3004, 12022.75; Welfare and Institutions Code sections 6600, 6600.1, 6601, 6604, 6604.1, 6605, 6608. (Voter Information Guide, Gen. Elec. (Nov. 7, 2006) text of Prop. 83, §§ 3–30, pp. 127–138.)

the court may discretionarily impose a full, consecutive sentence for each [enumerated sex offense] conviction, irrespective of whether the violent sex crime and the other crime making section 1170.1 potentially applicable were committed 'during a single transaction.' " (*Id.* at p. 594.)

While we do not know why the "whether or not" language was deleted, we do know that it was not inadvertent because of the addition of the following sentence: "A term may be imposed consecutively pursuant to this subdivision if a person is convicted of at least one offense specified in subdivision (e)." (§ 667.6, subd. (c).) Given the court's holding in *Jones*, the only explanation for this addition was the removal of the "whether or not" language. The drafters plainly were concerned that without the "whether or not" language, subdivision (c) might be interpreted as applicable only where a defendant is convicted of more than the offenses specified in subdivision (e).[18] We decline to read back into the statute language that was intentionally removed.[19]

█ On this record, we cannot say that giving section 667.6, subdivision (c) its literal meaning will result in absurd consequences which the electorate did not intend. Accordingly, subdivision (c)'s plain meaning governs our review. A court may impose a full, separate and consecutive sentence for each violation of an enumerated sex offense *only if the crimes involve the same victim on the same occasion.* (§ 667.6, subd. (c).) █ Because defendant's crimes did not involve the same victim on the same occasion as required by subdivision (c), the trial court erred in imposing a full, consecutive upper term on count 9.

## II., III.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

[18] As the People acknowledge, "the electorate essentially codified the holding of *Jones*" by including the additional language.

[19] The People also suggest that a "second way to reconcile the unintended result and absurd result would be to find that . . . the electorate also intended to broaden the reach of subdivision (d) so that it applies when there is only one [offense specified in subdivision (e)] committed. . . . [¶] . . . In [that] instance, [defendant] should have been sentenced under subdivision (d)—as his crimes involved separate victims on separate occasion[s]—and the court was mandated to impose a full, separate, consecutive term on [c]ount 9."

As the People acknowledge, such an interpretation of subdivision (d) would conflict with our Supreme Court's interpretation of subdivision (d) in *Jones, supra,* 46 Cal.3d at pages 595–597. As previously discussed, the drafters of Jessica's Law plainly were aware of *Jones* and had they intended subdivision (d) to be interpreted in a manner contrary to its holding, they would have amended subdivision (d) accordingly.

*See footnote, *ante,* page 723.

## DISPOSITION

The judgment is reversed insofar as it relates to defendant's sentence under section 667.6, subdivision (c) and the no visitation order as it applies to K.G. (born 1980) and J.B., and the matter is remanded for resentencing. The judgment is affirmed in all other respects.

Scotland, P. J., and Butz, J., concurred.