Filed 10/18/24  P. v. Latifi CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C098612 |
| Plaintiff and Respondent, | (Super. Ct. No. 21FE005325) |
| v. | |
| KAREEM LATIFI, | |
| Defendant and Appellant. | |

A jury convicted defendant Kareem Latifi of three counts of lewd acts upon a child in violation of section 288, subdivision (a) of the Penal Code (unless otherwise stated, statutory section citations that follow are found in the Penal Code) and one count of lewd acts upon a child with force or violence in violation of section 288, subdivision (b)(1). He appeals and argues there was insufficient evidence of force or duress to support the conviction of a lewd act by force.  He additionally contends the trial court erred in imposing a full, separate, and consecutive sentence on one of the counts pursuant to

1

section 667.6, which the People concede.  We remand the matter for a full resentencing and otherwise affirm the judgment.

FACTS AND HISTORY OF THE PROCEEDINGS

Defendant, his wife, and their daughter, moved into an apartment when the daughter was six years old.  The victim, who attended the same school as the daughter, lived next door with her family, including her mother, father, and three siblings.  The two girls became best friends, and they played together daily.  The families also became friendly.

By 2019, when the victim was seven years old, she played with the daughter at defendant's apartment about four times a week.  During 2020, defendant and his wife also babysat the victim when she participated in remote learning and her mother was at work.  When the victim came over, defendant would regularly join the girls in play, while defendant's wife would stay in their bedroom with the door closed.

<u>Count</u> <u>One</u>

One time, defendant was playing hide-and-seek with his daughter while the victim was on the couch playing games on the daughter's phone.  Defendant's wife was in their bedroom with the door closed.  While the daughter was hiding in the bathroom, defendant knelt on the floor next to the victim as he counted to 10 for hide-and-seek.  Defendant had pulled down the victim's pants and underwear.  Between counts, defendant put his mouth on the victim's genitals.  The victim felt unsafe and threatened, although the victim could not remember the words defendant used that made her feel that way.  After defendant counted to 10, he pulled back up the victim's underwear and pants and left to find his daughter.  The victim told her little sister what had happened, and the sister stopped going over to defendant's home.

At a different point during the hide-and-seek game, the victim was hiding alone under the covers in a bed, when defendant grabbed her head and put his mouth on hers

2

for about three seconds.  She tried to push him away, but he would not let go.  The victim felt unsafe and shocked.  As defendant left the room, he put his finger on his lips, which the victim interpreted to mean "Don't say anything."  Seven seconds later, defendant came into the room again and did the same thing.  The victim tried to push him away, but he was stronger than her.  Defendant eventually left the room.

Count Two

Another time, defendant, his daughter, and the victim were in the daughter's bedroom, with the girls on the floor drawing and defendant on the bed watching television.  The daughter left to use the bathroom, closing the door behind her. Defendant stood up, locked the door, and held his fingers to his lips, which the victim interpreted to mean, "Don't say anything."  The victim, who usually listened to what her friend's parents asked her to do, was confused as defendant told her to stand up.  The victim complied, and defendant took off her pants and underwear down to her feet. Defendant knelt and then put his tongue into the victim's genitals for about five seconds. The victim felt unsafe.  Defendant asked if she liked it, and she responded "yes," because she feared defendant had a weapon and would attack her.  Defendant pulled her underwear and pants back up, and then unlocked the door.  The daughter came back into the room.

Count Three

Another time, the daughter and the victim were sitting on the floor in the daughter's room, coloring, while defendant sat on the bed.  Defendant's wife was sleeping in a separate room.  The victim went to the kitchen in search of a pencil.  She was wearing one-piece pajamas that she thought had a stuck zipper, in the hopes that would prevent defendant from touching her.  Defendant followed her, unzipped her pajamas down to her feet, pulled down her underwear, got on his knees, and put his mouth and fingers on her genitals.  After four seconds, defendant stopped and returned to

3

his daughter's room. The victim felt unsafe and did not tell anyone because she feared defendant would hurt her.

Count Four

A different time, defendant, his daughter, and the victim were lying under a blanket on the bed watching television in the daughter's room, with defendant in the middle. Defendant grabbed the victim's wrist "hard" and "made" her touch his exposed penis. The victim did not want to touch defendant, but she was unable to move her hand away from defendant's grip. After five seconds, defendant released the victim's hand. She immediately pulled her hand away and left the room because she "didn't feel safe."

At trial, the victim testified she tried to stay around the daughter when she visited defendant's apartment, thinking this might prevent defendant from touching her. But the strategy did not work because the daughter would leave to go to the bathroom. Once, defendant followed the victim to the bathroom and tried to push his way in. Fearing defendant wanted to touch her again, she used "all" of her strength to close the door and lock it. Another time when the victim was sitting on the floor in the daughter's room, defendant put his hand on her thigh and tried to touch her.

In August 2020, when the victim was eight years old, she told the daughter that defendant had been touching her. Although happy that this might mean defendant would stop touching her, the victim feared that her parents would be mad, or that defendant would hurt her. The daughter told her mother (defendant's wife), and the victim eventually also told her own mother. The victim's mother eventually called the police.

In April 2023, a jury found defendant guilty of three counts of lewd and lascivious conduct (mouth to genitalia) on a child under the age of 14 years (§ 288, subd. (a); counts one through three) and one count of committing a lewd and lascivious act (penis to the victim's hand) on a child under the age of 14 years by use of force, violence, duress, menace, and threat of great bodily harm (§ 288, subd. (b); count four). As to each count,

4

the jury found true the following: the victim was particularly vulnerable (California Rules of Court, rule 4.421(a)(3)), defendant took advantage of a position of trust of confidence to commit the crime (Rule 4.421(a)(11)), and that the count was committed on a separate occasion from the other counts (§ 667.6). As to counts one through three, the jury also found true that defendant had engaged in substantial sexual conduct with a victim under the age of 14 years old. (§ 1203.066, subd. (a)(8).)

In May 2023, the trial court sentenced defendant to prison for an aggregate term of 22 years, as follows: the upper term of eight years for count one, two years (one-third the middle term) consecutive each for counts two and three, and, pursuant to section 667.6, subdivision (c), the upper term of 10 years consecutive for count four. The court also imposed various fines and fees.

Defendant timely appealed.

## DISCUSSION

### I

### *Use of Force or Duress*

Defendant contends we should reverse count four (defendant placing the victim's hand on his exposed penis with force), arguing there is insufficient evidence of force, violence, duress, or menace, or fear of immediate and unlawful bodily injury. As to force, defendant argues he merely moved the victim's hand so that it touched his penis for only five seconds, meaning the force involved was not substantially greater than that necessary to accomplish the lewd act. Regarding menace or fear, defendant argues there was no evidence defendant made any threatening statements or showed any intent to injure the victim. With respect to duress, defendant argues no threat can be inferred because he was not a parent or other authority figure.

An appellate court reviewing the sufficiency of the evidence to support a conviction examines "the entire record in the light most favorable to the judgment below

5

to determine whether" there is reasonable and credible evidence from which a rational trier of fact could find the defendant guilty beyond a reasonable doubt. (*People v. Jennings* (2010) 50 Cal.4th 616, 638.) We do not reweigh the evidence or the witnesses' credibility, and we "presume in support of the judgment the existence of every fact the jury reasonably could deduce from the evidence. [Citation.] If the circumstances reasonably justify the findings made by the trier of fact, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding." (*Id.* at pp. 638-639.) In other words, " '[a] reversal for insufficient evidence "is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support' " the jury's verdict.' " (*People v. Penunuri* (2018) 5 Cal.5th 126, 142.)

Section 288, subdivision (b) prohibits lewd acts on those under the age of 14 years old "by use of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person." " 'Force, in this context, means physical force that is " 'substantially different from or substantially greater than that necessary to accomplish the lewd act itself.' " ' " (*People v. Jimenez* (2019) 35 Cal.App.5th 373, 391.)

" 'A defendant uses "force" if the prohibited act is facilitated by the defendant's use of physical violence, compulsion or constraint against the victim other than, or in addition to, the physical contact which is inherent in the prohibited act.' [Citation.] 'The evidentiary key to whether an act was forcible is not whether the distinction between the "force" used to accomplish the prohibited act and the physical contact inherent in that act can be termed "substantial." Instead, an act is forcible if force facilitated the act rather than being merely incidental to the act.' " (*People v. Morales* (2018) 29 Cal.App.5th 471, 480.) "[A]cts of grabbing, holding and restraining that occur in conjunction with the lewd acts themselves" are sufficient to support a finding that the lewd act was committed by means of force. (*People v. Alvarez* (2009) 178 Cal.App.4th 999, 1005.)

6

Here, defendant was lying next to the victim under a blanket when he grabbed her wrist "hard" and made her touch his exposed penis.  Although he may have only held the victim's hand there for five seconds, he did so with such strength that the victim was unable to move her hand away.  After he finally released her, the victim immediately pulled her hand away and fled the room.  The disparity in age, size, and strength between the victim and defendant, as well as the fact that the victim was unable to pull her hand away until defendant released her wrist and that he had grabbed her wrist "hard" is enough to find defendant used force.  Defendant restrained the victim in a way that was more than merely incidental to the lewd act, and we conclude there was sufficient evidence for the jury to convict defendant on this count.  Given that, we need not reach whether there was also sufficient evidence of duress, menace, or fear of immediate and unlawful bodily injury.

II

*Section 667.6, subdivision (c)*

In lieu of the term provided under section 1170.1, section 667.6, subdivision (c), gives trial courts discretion to impose a full, separate, and consecutive term for "each violation of an offense specified in subdivision (e) [of that section] *if the crimes involve the same victim on the same occasion*."  (Italics added.)

Noting that count four occurred on a separate occasion from the other offenses, defendant argues the trial court erred in imposing the 10-year consecutive sentence on count four pursuant to section 667.6, subdivision (c).  Respondent properly concedes the issue, and the appropriate remedy is to reverse the sentence and remand the matter for full resentencing.  (*People v. Goodliffe* (2009) 177 Cal.App.4th 723, 727, 732 [reversing a sentence imposed under section 667.6, subdivision (c) where the defendant's crimes did not involve the same victim on the same occasion]; see also *People v. Buycks* (2018) 5 Cal.5th 857, 893 [when part of a sentence has been found unlawful on appeal, a full

7

resentencing on remand is appropriate to allow the trial court to " 'exercise its sentencing discretion in light of the changed circumstances' "].)

## DISPOSITION

The sentence is reversed, and the matter is remanded for a full resentencing. Upon completion of the resentencing, the trial court is directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

 

 

_____

HULL, Acting P. J.

 

We concur:

 

_____

KRAUSE, J.

 

_____

FEINBERG, J.