Filed 11/22/24  P. v. Klingelhofer CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>KARL BRIAN KLINGELHOFER,<br><br>      Defendant and Appellant. | D083767<br><br><br><br>(Super. Ct. No. SWF2101662) |


APPEAL from a judgment of the Superior Court of Riverside County, John M. Monterosso, Judge.  Affirmed.

Patrick Morgan Ford, attorney for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Senior Assistant Attorney General, Christopher P. Beesley and Caelle Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

Karl Brian Klingelhofer pled guilty to two felony counts alleging that he committed sex offenses against a minor victim and he admitted that he abused the victim's trust.  On appeal, he contends that the trial court erred in imposing consecutive sentences for the two counts of conviction.  We conclude that the sentencing court recognized that it was making a separate,

additional choice in sentencing Klingelhofer to a full consecutive sentence under Penal Code section 667.6[1] rather than the more lenient alternative of consecutive sentencing under section 1170.1, and therefore we affirm.

## I.

## Factual and Procedural Background

At the time of sentencing, Klingelhofer was a 47-year-old man whose only prior criminal history was a shoplifting incident. Klingelhofer resided in Escondido with his extended family members, who had moved into his home during the COVID pandemic. Klingelhofer's sister-in-law, Wendy, and her two sons, including the ten-year-old victim, John Doe, were among the family members who lived with him in his home.

According to Klingelhofer's statement to the probation officer, on October 3rd, 2021, he spent the day on his boat with Wendy and her two sons. He and Wendy drank alcohol and smoked marijuana on the boat. Klingelhofer continued to drink after they went home. Later, after everyone else had gone to bed, he eventually went to bed.

Klingelhofer woke up some time around 3:00 a.m. He had been dreaming about "hooking up" with Wendy when he woke up and realized that Doe was in his bed and that he had been kissing and touching Doe in his sleep. Klingelhofer told the probation officer that he grabbed his phone to watch pornography and masturbate in the bathroom, but he found that his phone was dead. He then stood up, pulled down Doe's pants and began to masturbate next to the bed while looking at Doe.

Doe told officers that the night of the incident, he woke up with Klingelhofer on top of him. He had been undressed while he was sleeping.

---

[1] All further unspecified statutory references are to the Penal Code.

2

Klingelhofer fondled Doe's genitals and then inserted his finger into Doe's anus. Doe told police that the appellant "put his private parts in [him]." Doe punched Klingelhofer and then ran sobbing to his mother's room. Klingelhofer was subsequently arrested and charged.

Klingelhofer pled guilty to two counts of an amended information, charging him with one count of sodomy by force against a child under the age of fourteen years (§ 286, subd. (c)(2)(B) – count 3); and one count of lewd behavior by force against a child under the age of fourteen years (§ 288, subd. (b)(1) – count 4). As part of his guilty plea, Klingelhofer admitted the allegation under California Rules of Court, rule 4.421(a)(11) that he took advantage of a position of trust in committing the offenses.

At sentencing, Klingelhofer's counsel argued for a sentence of nine years. The court referred to "what factually has been presented in the probation officer's report," and acknowledged Klingelhofer's age, lack of prior criminal history, expressions of remorse, and his "immediate acknowledgment" of the offense. The court described Klingelhofer's acts as "heinous, barbaric, evil" and noted that Doe "was still particularly vulnerable in the position he was in when these acts occurred." The court commented that the damage to the victim would far outweigh any punishment by the court. The court then imposed the middle term of eleven years as to count 3, and as to count 4, "under Penal Code Section 667.6(c)(1) [*sic*[2]], I'm going to impose a full and consecutive middle term of eight years" for a total sentence of 19 years.

---

[2] Section 667.6, subdivision (c), is not further subdivided, so it is clear to us that the court merely misspoke in referring to subdivision (c)(1).

## Discussion

On appeal, Klingelhofer argues that the trial court erred by imposing consecutive offenses.  To the extent the court relied on section 667.6 subdivision (c), he argues that the court abused its discretion in imposing the consecutive terms.  To the extent the court relied on section 667.6 subdivision (d)(1), he contends that the court should not have imposed a mandatory consecutive term because the lewd act and sodomy did not occur on "separate occasions."

As an initial matter, we note that the record does not reflect that the court addressed the issue of whether the offenses occurred on separate occasions, which would have required the court to impose consecutive sentences under section 667.6, subdivision (d)(1).  Certainly the issue was not discussed during the sentencing hearing, and the court made no finding on the issue.  Instead, the record makes clear that the court was basing its consecutive sentencing decision under the discretionary provisions of the sentencing statutes.  Therefore, we do not address the parties' arguments as to whether the offenses against Doe may be said to have occurred on separate occasions, which would have resulted in a mandatory consecutive sentence.

### A. Klingelhofer Did Not Forfeit His Challenge to Consecutive Sentences

The People argue that Klingelhofer forfeited any challenge to the trial court's sentencing because he failed to raise an objection to consecutive sentences during sentencing and did not request the court to further state its reasons for the decision to sentence under section 667.6.  Klingelhofer argues that the forfeiture rule does not apply where the trial court sentenced the defendant under an apparent "misapprehension of statutory sentencing obligations" and contends that the court's mistaken reference to subdivision

4

(c)(1) suggests the court misunderstood its sentencing obligations. (See, e.g., *People v. Panozo* (2021) 59 Cal.App.5th 825, 840 (*Panozo*).) If the reviewing court deems the issue forfeited, Klingelhofer contends that he was denied effective assistance of counsel.

We agree that Klingelhofer has not forfeited this issue. As held in *Panozo*, forfeiture is inappropriate when it appears the court did not understand its sentencing obligations. (*Panozo, supra,* 59 Cal.App.5th at p. 840.) As we discuss below, although we ultimately conclude that the court's statement of reasons was sufficient, Klingelhofer raises a legitimate issue as to whether the court understood its discretion to consider consecutive sentences under section 1170.1, because it never referenced that discretion. Therefore, it would not be appropriate to find that Klingelhofer has forfeited the issue.

### B.    Standard of Review

"The trial court has broad discretion with regard to sentencing, and its decision will be affirmed on appeal, so long as it is not arbitrary or irrational and is supported by any reasonable inferences from the record." (*People v. King* (2010) 183 Cal.App.4th 1281, 1323.) A trial court does not abuse its discretion unless its decision was so irrational, arbitrary or capricious that no reasonable person could agree with it. (*People v. Clancey* (2013) 56 Cal.4th 562, 579.) However, if the court is unaware of the scope of its discretion, it cannot be said to have exercised informed discretion; and the court's failure to exercise the discretion that a statute confers upon it may be considered an abuse of discretion. (*Panozo*, *supra,* 59 Cal.App.5th at p. 837.)

5

**C.    Analysis**

For specified sex offenses, section 667.6, subdivision (c)[3] provides an alternative sentencing framework that the trial court may use in lieu of determinate sentencing under section 1170.1.  That subdivision allows the court, in its discretion, to order consecutive sentencing "for each violation of an offense specified in subdivision (e) if the crimes involve the same victim on the same occasion."  (See *People v. Goodliffe* (2009) 177 Cal.App.4th 723, 732 ["A court may impose a full, separate and consecutive sentence for each violation of an enumerated sex offense only if the crimes involve the same victim on the same occasion."  (Italics omitted.)].)  Section 1170.1, subdivision (e) includes the offenses to which Klingelhofer pled guilty.

The trial court must state the reasons for imposing consecutive terms and state the reason for choosing section 667.6, subdivision (c) instead of section 1170.1, subdivision (a).  (*People v. Belmontes* (1983) 34 Cal.3d 335, 348 (*Belmontes*) [the record must reflect the sentencing court's recognition "that it is making a separate and additional choice in sentencing under section 667.6, subdivision (c)"].)  The *Belmontes* court called out two different decisions to be made by the sentencing court.  First, the court decides whether to sentence to concurrent or consecutive sentences.  (*Belmontes,* at p. 348.)  Second, if the court concludes that consecutive sentences are in order, it must decide whether to apply section 1170.1 or to apply the "harsher full term provisions" of section 667.6.  (*Belmontes,* at pp. 347–348.)  The

---

3    Although the trial court stated that the sentence was based upon a non-existent subdivision ["under Penal Code Section 667.6(c)(1)"], the context of the court's comments makes it clear that the court was applying its discretion under subdivision (c) and not relying upon the mandatory provisions of subdivision (d)(1).

*Belmontes* court stated that in doing so, "the court is obviously making separate and distinct decisions." (*Id.* at p. 347.)

As the court further explained in *Belmontes*:

> "This does not mean that the reasons justifying full term consecutive sentencing under section 667.6, subdivision (c) must necessarily be different than those used to justify the imposition of consecutive sentences under section 1170.1. The criteria listed in rule 425—which, as noted, incorporate those of rules 421 and 423—apply to both decisions and cover all degrees and nuances of depravity. What is required is an identification of the criteria which justify use of the drastically harsher provisions of section 667.6, subdivision (c)." (*Belmontes, supra,* 34 Cal.3d at p. 348.)

In *People v. Reynolds* (1984) 154 Cal.App.3d 796 (*Reynolds*), the court remanded for resentencing because the sentencing court's statements were inadequate to meet the requirements of section 667.6 as explained in *Belmontes*. (*Reynolds,* at p. 812.) Quoting *Belmontes*, the *Reynolds* court suggested that upon resentencing, the court should first "decide generally between concurrent and consecutive terms, following the criteria listed in rule 425" and state its reasons for that decision; and then it should decide "whether the consecutive terms should be under the principal/subordinate scheme of section 1170.1 or under the full and separate term scheme of section 667.6, subdivision (c). If the latter is chosen, the reasons therefor should be stated for the record." (*Reynolds,* at p. 812, quoting *Belmontes, supra,* 34 Cal.3d at pp. 348–349.)

Here, instead of articulating two separate decisions, the court telescoped the two *Belmontes* inquiries into a single decision, namely to impose fully consecutive sentences under section 667.6. Although it discussed rule 425 factors, the court never referenced section 1170.1. After discussing various mitigating and aggravating factors, the court simply stated that as to count 4, "under Penal Code Section 667.6(c)(1) [*sic*], I'm

7

going to impose a full and consecutive middle term of eight years for a total sentence of 19 years."

Nonetheless, in this case, despite the court's failure to separately articulate its views as to section 1170.1 and section 667.6, "[t]here can be no serious doubt as to the trial judge's understanding of the scope of [the court's] sentencing discretion under section 667.6, subdivision (c)." (*People v. Quintanilla* (2009) 170 Cal.App.4th 406, 411 (*Quintanilla*).) In *Quintanilla*, the court rejected a defendant's claim that in sentencing him to a full consecutive sentence under section 667.6, subdivision (c), the court failed to give separate reasons for the consecutive sentence. (*Quintanilla,* at pp. 410–411.) There, as here, at the sentencing hearing, the court discussed aggravating and mitigating factors in some detail. There, as here, the court specifically referenced its discretion under that subdivision. There, as here, "[t]he trial court's reasoning not only demonstrated a clear recognition that it was making an additional, separate sentencing choice, but that it reasonably viewed defendant as the kind of 'more serious sex offender[]' for which the punitive aspect of [the subdivision] was designed." (*Quintanilla,* at p. 414, quoting *Belmontes, supra,* 34 Cal.3d at p. 348.)

Unlike in *Reynolds*, in which "the court really stated no reason for imposing a full consecutive term as opposed to the normal one-third term under section 1170.1, subdivision (a)" (*Reynolds*, *supra,* 154 Cal.App.3d at p. 811), here, the court specifically noted aggravating factors underlying the sentence, including the vulnerability of the victim.[4] The trial court said, "As

---

[4]    The court did not specifically reference Klingelhofer's abuse of Doe's trust, an aggravating factor that he admitted to in his plea, but that factor was specifically discussed in the probation report.

I balance all the factors before the Court, in particular, the heinous nature of the offenses, the vulnerability of the victim, and the damage and pain . . . [it] far outweighs any punishment I can inflict upon Mr. Klingelhofer for this conduct." Although a more fulsome statement of reasons would have aided this court in its review, we do not doubt the court's understanding of the scope of its discretion. (See *Quintanilla, supra,* 170 Cal.App.4th at p. 414.)

Nor can we find the court abused its discretion in concluding that a full consecutive sentence was warranted. The court noted Doe's vulnerability as an aggravating factor,[5] noting "the position he was in," which we understand to mean that Doe was asleep when the abuse began. (*People v. Smith* (1979) 94 Cal.App.3d 433, 435 [sleeping victims are particularly vulnerable].) Further, Klingelhofer's plea acknowledged that he abused a position of trust, an additional aggravating factor[6] that would support the court's decision to impose a full consecutive sentence.

---

[5] See California Rules of Court, rule 4.421(a)(3).

[6] See California Rules of Court, rule 4.421(a)(11).

### III.

### Disposition

The judgment is affirmed.

KELETY, J.

WE CONCUR:


HUFFMAN, Acting P. J.


RUBIN, J.