Filed 6/27/25  P. v. Jetton CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C101093 |
| Plaintiff and Respondent, | (Super. Ct. No. 23FE009069) |
| v. | |
| KORN JETTON, | |
| Defendant and Appellant. | |

A jury found defendant Korn Jetton guilty of four counts of molesting his 10-year-old stepdaughter (victim).  The trial court imposed an aggregate sentence of 20 years composed of:  (1) eight years in state prison for one non-forcible lewd act count; (2) a consecutive two-year term in state prison for a second non-forcible lewd act count; (3) a full, consecutive 10-year term in state prison for one forcible lewd act count; and (4) one concurrent year in county jail for a misdemeanor count.

Defendant contends the "forcible" element of the forcible lewd act count lacked sufficient evidence and the separate punishments for the non-forcible lewd act counts

1

violated Penal Code section 654.  We disagree.  Per defendant's request, we independently review a confidential document for discoverable information and find none.  But we do remand for resentencing because as the People concede, the full, consecutive 10-year term was unauthorized.  We otherwise affirm the judgment.  All section references are to the Penal Code.

### FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged with two counts of committing a nonforcible lewd act on a child under age 14 (§ 288, subd. (a)), one count of committing a forcible lewd act on a child under age 14 (§ 288, subd. (b)(1)), and one count of misdemeanor molesting or annoying a child under age 18 (§ 647.6, subd. (a)(2)).

As to the nonforcible lewd act counts, victim testified that defendant massaged the place on her body where she "pee[s]."  He did this with two fingers under her clothes for a couple seconds.  Defendant then touched her "boobs."  In a forensic interview that was played for the jury, victim explained that defendant's hand went under her pajamas "all the way" to get to her "boobs."

As to the forcible lewd act count, victim testified that defendant pulled his pants down and told victim to touch his penis.  She touched his penis because he grabbed her hand by putting his hand around her wrist.  Then her hand moved back and forth.  His hand was still on her hand during this movement.  Defendant let go of victim's hand after about a minute, and she removed it from his penis.  In the forensic interview, victim described defendant as making her touch his penis by grabbing her hand and moving her hand up and down.  Victim stopped touching defendant's penis when he let her hand go.

And as to the misdemeanor count, victim testified that she was sitting in a car with defendant when he pulled his pants down, revealed his penis, and asked victim if it was big.

The jury found defendant guilty of all four counts.  According to the People's sentencing brief, the forcible lewd act occurred months after the nonforcible lewd acts.

2

The court sentenced defendant to an aggregate term of 20 years in state prison, imposing the upper term of eight years for one non-forcible lewd act; a consecutive two-year term for the other non-forcible lewd act; a full, consecutive term of 10 years for the forcible lewd act; and one year in county jail, concurrent to the eight-year term, for the misdemeanor count.

Defendant timely appeals.

## DISCUSSION

### I

### *Substantial Evidence of Force for Forcible Lewd Act*

Defendant contends there was insufficient evidence of force to support the forcible lewd act count.  We disagree.

Section 288, subdivision (b) prohibits lewd acts upon those under 14 years of age "by use of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person."  " 'A defendant uses "force" [for purposes of this provision] if the prohibited act is facilitated by the defendant's use of physical violence, compulsion or constraint against the victim other than, or in addition to, the physical contact which is inherent in the prohibited act.' "  (*People v. Morales* (2018) 29 Cal.App.5th 471, 480.)  "[A]cts of grabbing, holding and restraining that occur in conjunction with the lewd acts themselves" are sufficient to support a finding that the lewd act was committed by means of force.  (*People v. Alvarez* (2009) 178 Cal.App.4th 999, 1005 (*Alvarez*).)

"When considering a challenge to the sufficiency of the evidence to support a conviction, we review the entire record to determine whether it contains evidence that is reasonable, credible, and of solid value, from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt."  (*People v. Townes* (2025) 108 Cal.App.5th 603, 610.)  "We view the evidence in the light most favorable to the jury verdict and presume in support of the verdict every fact a jury could reasonably deduce

3

from that evidence." (*Ibid*.) "[I]n criminal cases we must ensure the record demonstrates substantial evidence to establish guilt beyond a reasonable doubt." (*People v. Renteria* (2022) 13 Cal.5th 951, 970.)

Here, the record reveals substantial evidence from which a reasonable trier of fact could conclude beyond a reasonable doubt that defendant used force under section 288, subdivision (b). Victim's statements that defendant grabbed her hand, held her hand on his penis, and made her hand move up and down defendant's penis were sufficient evidence of force. (See *People v. Neel* (1993) 19 Cal.App.4th 1784, 1790 [defendant's act of grabbing victim's wrist, placing her hand on his penis, and then "making it go up and down" constituted force under section 288, subdivision (b)]; *People v. Babcock* (1993) 14 Cal.App.4th 383, 386 [defendant grabbed victims' hands and forced them to touch his genitals].) Defendant is mistaken when he argues that placing victim's hand on his penis was incidental to facilitating the lewd act. "[T]here can be little doubt that defendant's manipulation of [victim's] hand as a tool to rub his genitals was a use of physical force beyond that necessary to accomplish the lewd act." (*People v. Pitmon* (1985) 170 Cal.App.3d 38, 48, disapproved of on another ground in *People v. Soto* (2011) 51 Cal.4th 229, 248, fn. 12.) This conclusion accounts for the reasonable doubt standard of proof that applies in criminal cases. (*People v. Renteria, supra*, 13 Cal.5th at p. 970.)

II

*Separate Punishments for Non-Forcible Lewd Acts*

Relying on section 654, defendant contends the trial court should have stayed punishment for one of the non-forcible lewd act counts. We disagree.

Section 654 prohibits multiple punishment for the same act or omission. *(People v. Correa* (2012) 54 Cal.4th 331, 337.) It " 'applies when there is a course of conduct which violates more than one statute but constitutes an indivisible transaction.' " (*Alvarez, supra*, 178 Cal.App.4th at p. 1006.) "Generally, whether a course of conduct is a divisible transaction depends on the intent and objective of the actor: 'If all of the

4

offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one.' " (*Ibid*.)  But "the rule is different in sex crime cases."  (*Ibid*.)  "Even where the defendant has but one objective – sexual gratification – section 654 will not apply unless the crimes were either incidental to or the means by which another crime was accomplished."  (*Alvarez,* at p. 1006; see, e.g., *People v. Greer* (1947) 30 Cal.2d 589, 604 [removal of victim's underclothing was merely incidental to subsequent rape and did not warrant separate punishment].)  "[M]ultiple sex acts committed on a single occasion can result in multiple statutory violations.  Such offenses are generally 'divisible' from one another under section 654, and separate punishment is usually allowed."  (*People v. Scott* (1994) 9 Cal.4th 331, 344, fn. 6.)  The divisibility of multiple crimes is determined by the trial court, "which is vested with broad latitude in making [this] determination."  (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1143.)  Its findings will not be reversed on appeal if there is any substantial evidence to support those findings.  (*Ibid*.)

Substantial evidence of divisible acts exists here.  Defendant's touching of victim's genital area was divisible from his touching of her breasts.  Victim testified that defendant massaged her vaginal area and then moved his hands to her boobs.  The trial court could determine that his touching of the vaginal area was not incidental to his touching of her breasts, and vice versa.  Defendant's emphasis on his overall objective of sexual gratification and the lack of temporal break between the touching is misplaced.  Section 654 "does *not* bar multiple punishment simply because numerous sex offenses are rapidly committed against a victim with the 'sole' aim of achieving sexual gratification." (*People v. Harrison* (1989) 48 Cal.3d 321, 325.)

### III

### *Review of Child Protective Services Records*

During a pretrial hearing, the prosecution advised the trial court that it had a "five-page document from [Child Protective Services]" but "didn't see anything exculpatory in

there in regards to the case." The trial court conducted an in camera review of the document and also determined there was nothing discoverable to the defense. Defendant requests independent review of the same document, which has been provided to this court under seal, to determine whether discoverable material was improperly withheld. The People have no objection to this review. After independently and objectively reviewing the document, we find no prejudicial error. (See *People v. Martinez* (2009) 47 Cal.4th 399, 453 [objective review]; *In re Masters* (2019) 7 Cal.5th 1054, 1087 [independent review].)

IV

*Full, Consecutive Term for Forcible Lewd Act*

If a trial court makes multiple terms consecutive, section 1170.1 governs calculation of their length unless a more specific statute applies. (*People v. Sasser* (2015) 61 Cal.4th 1, 8-9.) Under section 1170.1, the principal term is the longest term imposed for any of the offenses and the subordinate term comprises one-third of the middle term for each other conviction at issue. (§ 1170.1, subd. (a); *Sasser*, at p. 9.) In lieu of the term provided under section 1170.1, section 667.6, subdivision (c) gives a trial court discretion to impose a full, separate, and consecutive sentence for each violation of an offense enumerated in section 667.6, subdivision (e) " 'if the crimes involve the same victim on the same occasion.' " (*People v. Goodliffe* (2009) 177 Cal.App.4th 723, 727 [italics omitted].)

As the People concede, defendant's forcible lewd act did not occur on the same occasion as the non-forcible lewd acts, so the trial court erred in imposing a full, consecutive term on the forcible lewd act under section 667.6, subdivision (c). (*Goodliffe, supra*, 177 Cal.App.4th at p. 732.) The appropriate remedy is to remand the matter for full resentencing. (*Id.* at pp. 726, 733; *People v. Buycks* (2018) 5 Cal.5th 857, 893.)

6

## DISPOSITION

Defendant's sentence is reversed, and the matter is remanded for full resentencing. When resentencing is completed, the trial court is directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

/s/
MESIWALA, J.

We concur:

/s/
EARL, P. J.

/s/
KRAUSE, J.