Filed 8/8/25  P. v. Masalta CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>DEAN MASALTA,<br><br>    Defendant and Appellant. | C101832<br><br>(Super. Ct. Nos. 23FE005598, 22FE018336, 22MI005193, 21MI009129) |

Defendant Dean Masalta pled no contest to forcible rape.  He also pled no contest to three separate driving under the influence (DUI) complaints which alleged defendant drove on a suspended license and without a mandatory ignition interlock device.  The trial court sentenced defendant to the upper term on the rape conviction, a consecutive sentence for the felony DUI conviction, a one-year consecutive sentence for one misdemeanor DUI conviction, and a one-year concurrent sentence for the other misdemeanor DUI conviction.  On appeal, defendant argues the trial court did not

1

adequately state its reasons for imposing consecutive sentences under Penal Code section 667.6, subdivision (c).[1]  The People agree this code provision cannot apply here and ask that the matter be remanded for a full resentencing.  We shall remand the matter for resentencing.

## I.  BACKGROUND

The amended complaint, deemed an information, alleged one count of forcible rape and multiple aggravating factors not relevant here.  (§ 261, subd. (a)(2).)

Defendant admitted to the recited factual basis that he went on a date with the victim who told him that the two would not be having sex that night.  When they returned to the victim's hotel room, they engaged in some consensual sexual activity, after which defendant said he wanted to have intercourse.  The victim repeatedly told the defendant to stop, but he held her down and forcibly had sex with her while she cried.  The prosecution also had two additional victims who would testify defendant had forcibly sexually assaulted them in the prior 10 years.

Defendant pled no contest to the charged rape and admitted the aggravating circumstances were true in exchange for a stay of execution of the upper term sentence and, if he turned himself in as ordered two days later, potentially for a lower term sentence.

The trial court immediately sentenced defendant to the upper term of eight years in state prison, stayed the sentence for two days, and ordered defendant to turn himself into the correctional facility in two days.  The trial court stated if defendant did so, it would stay the judgment and sentencing and resentence defendant at a future date.

Defendant also had three pending DUI cases at the time.  In case No. 21MI009129, the complaint charged defendant with DUI with prior convictions, driving with a suspended license with prior convictions, and driving without a required ignition

---

[1] Further undesignated statutory references are to the Penal Code.

interlock device.  (Veh. Code, §§ 23152, subds. (a) & (b), 14601.2, subd. (a), 23247, subd. (e).)  Defendant pled no contest to each of the charges and admitted the prior convictions.

In case No. 22MI005193, the complaint charged defendant with DUI with prior convictions, driving with a suspended license with prior convictions, and driving without an ignition interlock device.  (Veh. Code, §§ 23152, subds. (a) & (b), 14601.2, subd. (a), 23247, subd. (e).)  Defendant pled no contest to each of the charges and admitted the prior convictions.

In case No. 22FE018336, the complaint charged defendant with a felony DUI with prior convictions and a misdemeanor violation of driving on a suspended license.  (Veh. Code, §§ 23152, subds. (a) & (b), 14601.2.)  Defendant pled no contest to each of the charges and admitted the prior convictions.

During sentencing, the trial court explained to defendant and his counsel that it was possible for the trial court to impose consecutive sentences of up to eight months on the felony DUI and up to one year on each of the misdemeanor DUI cases.  Defendant and his counsel stated they understood this fact.

Defendant turned himself in as ordered.  The trial court sentenced defendant to the upper term of eight years in state prison for the rape conviction, finding: "the aggravating factors far outweigh the mitigating factors in this case and the static-99 showing the likelihood that the defendant will reoffend persuades the Court that his sentence needs to be as great as possible to affect the public."  In addition, the trial court also imposed a two-year consecutive state prison term in the felony DUI case (case No. 22FE018336) pursuant to section 667.6, subdivision (c).  The trial court imposed an additional consecutive one-year term in county jail in case No. 22MI005193, and a concurrent one-year term in county jail in case No. 21M009129.  Defendant's total aggregate term was 10 years in state prison plus one year in county jail.

Defendant filed a timely notice of appeal and obtained a certificate of probable cause.[2]

## II. DISCUSSION

Defendant argues the trial court erred in using section 667.6, subdivision (c) to impose consecutive sentences for defendant's rape and driving under the influence convictions. The People agree, as do we.

Section 667.6, subdivision (c) states: "In lieu of the term provided in Section 1170.1, a full, separate, and consecutive term may be imposed for each violation of an offense specified in subdivision (e) if the crimes involve the same victim on the same occasion. A term may be imposed consecutively pursuant to this subdivision if a person is convicted of at least one offense specified in subdivision (e). If the term is imposed consecutively pursuant to this subdivision, it shall be served consecutively to any other term of imprisonment, and shall commence from the time the person otherwise would have been released from imprisonment. The term shall not be included in any determination pursuant to Section 1170.1. Any other term imposed subsequent to that term shall not be merged therein but shall commence at the time the person otherwise would have been released from prison."

Defendant's rape conviction conduct occurred on July 4, 2022. His consecutively sentenced DUI conduct occurred on September 2, 2022, and January 30, 2022. The rape and DUI conduct did not involve the same victim or the same occasion. As a result, despite its recital, the trial court was not authorized to utilize section 667.6, subdivision (c) to impose consecutive sentences in these cases. (*People v. Goodliffe* (2009)

---

[2] Although neither party raised this issue, defendant did not file notices of appeal in case Nos. 21MI009129, 22MI005193, or 22FE018336. Because the trial court sentenced defendant as to all four cases on August 9, 2024, the notice of appeal in case No. 23FE005598 is from that judgment, and we liberally construe notices of appeal (*In re Joshua S.* (2007) 41 Cal.4th 261, 272), we construe the existing notice of appeal to apply to the DUI cases as well.

4

177 Cal.App.4th 723, 732.)  The remedy for this error is to remand the cases for a full resentencing.  (*Id.* at p. 733.)

## III.  DISPOSITION

The convictions are affirmed.  The sentences are vacated in case Nos. 21MI009129, 22MI005193, 22FE018336, and 23FE005598, and the matter is remanded for full resentencing.

/S/

RENNER, J.

We concur:

/S/

ROBIE, Acting P. J.

/S/

DUARTE, J.